T. Roland BERNER and Arthur S. Lesser, Executors of the Estate of William Kapell, deceased, Plaintiffs-Appellants,

v.

BRITISH COMMONWEALTH PACIFIC AIRLINES, LTD., a Foreign Corp. and British Commonwealth Pacific Airlines, Ltd., now doing business as Qantas Empire Aviation, Ltd., a Foreign Corporation, Defendants-Respondents.

No. 356, Docket 30162.

United States Court of Appeals
Second Circuit.

Argued May 3, 1966.

Decided June 20, 1966.

Sidney Bender, New York City (T. Roland Berner, New York City, on the brief), for plaintiffs-appellants.

Austin P. Magner, New York City (George N. Tompkins, Jr., Condon & Forsyth, New York City, on the brief), for defendants-respondents.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from a judgment entered in the District Court for the Southern District of New York taxing them for costs in favor of defendants for $5,312.50. Plaintiffs also request reconsideration and reversal of the taxation of $2,428.75 as costs entered by this court against them as the losing party upon a previous appeal. We find that the district court did not abuse its discretion in charging these costs to the losing party and we therefore affirm.

The plaintiffs had brought suit for wrongful death on behalf of the widow and children of the noted pianist William Kapell who was killed in an airplane crash in 1953. After a jury verdict for the defendants, Judge Ritter, sitting by designation, granted judgment n. o. v. for the plaintiffs. At the new trial on the issue of damages, a jury awarded plaintiffs $924,396. This court reversed the judgment n. o. v., 346 F.2d 532 (1965), and judgment accordingly was entered in favor of defendants. Pursuant to that decision, the costs of the appeal were taxed to the losing plaintiffs-appellees in the amount of $2,428.75. We decline to reconsider the propriety of the amount so taxed.

The clerk of the district court taxed the plaintiffs $5,672.70 for fees, costs of the transcript, costs incident to the taking of depositions, and the costs of a supersedeas bond. Upon review, Judge McLean disallowed the costs incident to the taking of depositions and confirmed the balance of the charges which total $5,312.50.

Appellants claim that the charge for the transcript of the trial was improper because the transcript was not "neces-

sarily obtained for use in the case" as required by 28 U.S.C. § 1920(2), and that the posting of the supersedeas bond to stay the execution of the large judgment during appeal was unnecessary.

Although defendants obtained the daily transcript for their "convenience," the amount charged was the basic prevailing rate and does not include the extra "daily" copy charge. It is conceded that it later became necessary to have the 2,000-page transcript for purposes of post-trial motions and for appeal. Plaintiffs suggest that because defendants did not wait to order the transcript, which they could anticipate they would later need, the cost thereof was not necessary; we find this contention frivolous.

Nor can we agree with the contention that the admonition of the Supreme Court in Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248, 254 (1964), that lower courts should tax nonstatutory costs sparingly requires disallowance of the taxation for a supersedeas bond. Such a bond, ordinary and necessary to stay execution during an appeal, has long been held a proper item of costs. Land Oberoesterreich v. Gude, 93 F.2d 292 (2 Cir.), cert. denied 300 U.S. 663, 57 S.Ct. 493, 81 L.Ed. 871 (1937). Plaintiffs never objected to this method of staying execution on the judgment, and the suggestion that some method of attachment on the defendants' airplanes was an available substitute is an afterthought wholly without merit.

Finally, plaintiffs argue that such heavy charges should not be imposed upon the widow and children for whom this action was brought in good faith. This is a matter reserved to the sound discretion of the trial judge, Farmer v. Arabian American Oil Co., supra, 379 U.S. at 232, 233, 85 S.Ct. at 415, 13 L.Ed. 2d at 253, and we find no basis for concluding that the trial judge abused that discretion.

Affirmed.