**Darlene GUSE et al.,
Plaintiffs-Appellees,**

v.

**J. C. PENNEY COMPANY, INC.,
Defendant-Appellant.**

**Nos. 76–1064 and 76–1172.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 24, 1977.

Decided Feb. 3, 1978.

On Rehearing

Before CASTLE, Senior Circuit Judge, and PELL and BAUER, Circuit Judges.

PELL, Circuit Judge.

Following the issuance of the court's opinion in this case, the plaintiffs-appellees filed their petition for rehearing with a suggestion that the rehearing be *en banc*, which petition raised two principal points, the first being with regard to the assessment of costs against the unsuccessful parties on appeal, which appears to be the matter of principal concern to the appellees, and the second being that the plaintiffs on remand should be permitted to amend their complaint to advance a theory, which they assert would be permissible under *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), of discrimination against members of one sex in terms of aggregate risk protection.

Turning to the latter point first, we note the plaintiffs' citation of *Love v. Waukesha Joint School District*, 560 F.2d 285 (7th Cir. 1977) which they say supports their position that an amendment should be permitted on remand. We do not think it necessary to engage in an extended comparative analysis of the pleadings and undisputed facts in the two cases although we do note that in *Love* this court was of the opinion that the proceedings had not gone far enough to determine whether the *Gilbert* exception might be appropriate. In the present case, we determined that the complaint could not be read as suggesting any broader inquiry than that prohibited by *Gilbert.*

Nevertheless, we also note that the opinion in the present case only provided that upon remand the district court should dismiss the complaint and did not provide that the district court should dismiss the action. *See Asher v. Ruppa*, 173 F.2d 10 (7th Cir. 1949). Under Rule 15(a), Fed.R.Civ.P., it appears that the plaintiffs could not now amend their complaint as a matter of right because a responsive pleading was filed by the defendant before summary judgment was entered. Nevertheless, Rule 15(a), Fed.R.Civ.P., also provides that even after a responsive pleading has been filed "leave shall be freely given to amend when justice so requires." This court has taken a liberal view of Rule 15(a), *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961), and we will leave further determination of this matter to the district court.

The plaintiffs' concern about the opinion of this court awarding the defendant "costs on appeal" is not apparently directed to any great extent to the costs which have been taxed in this court in connection with the appeal, such costs being only $112.00; but rather the plaintiffs have expressed great concern that the award of costs will include costs to be taxed in the district court which they say may exceed $10,000.00 arising mostly from the premium paid by the defendant for a bond pending appeal.

The plaintiffs advance several reasons in support of their position that this court should in its discretion amend the award of costs so as substantially to reduce, if not eliminate, the costs for which the named plaintiff Guse might be liable. They point

out that the suit below was a good faith one and that their interpretation of Title VII was one which had been approved by the Equal Employment Opportunity Commission and by every circuit which had resolved the issue; that the named plaintiff would be unable because of her financial condition to assume in any way the payment of the costs; that the plaintiffs' attorneys were employed by a federally funded legal services program; and that the plaintiffs were not in any way responsible for the defendant having to incur the expense of a bond.

Some of these matters are factual in nature and this court is scarcely in a position either to determine what are the true facts or to evaluate them as would be the district court.

Our initial inquiry must be directed to the matter of the discretion which may be exercised by this court and by the district court in the matter of costs. As the matter now stands, with costs on appeal having been awarded to the defendant, there would seem to be little discretion left to the district court as Rule 39(e), F.R.App.P., provides that bond premiums "shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule." Discretion, however, in the matter does appear as an initial matter to reside in this court as Rule 39(a), F.R.App.P., provides that "if a judgment is reversed, costs shall be taxed against the appellee *unless otherwise ordered.*" [Emphasis added.]

It is indicated in 9 Moore's Federal Practice ¶ 239.02 at 4304 (1975) that the Rule's reference to ordering "otherwise" confirms the power of this court in its sound discretion to deny costs to the successful party. The necessary sequel, in our opinion, to the discretionary authority of this court to deny costs altogether to the prevailing party is that of allowing something less than all of the costs or the taking of other steps for the purpose of determining in view of all of the pertinent circumstances the amount of costs to be allowed. As we have already observed, the district court is in a better position than are we to make this determination with regard to the costs to be taxed against the losing party in that court.

There is authority that might be read as granting discretionary authority to the district court to disallow some or all of the costs which would ordinarily be taxable notwithstanding a reversal judgment in the appellate court which as here awards "costs on appeal." In *Berner v. British Commonwealth Pacific Airlines, Ltd.,* 362 F.2d 799 (2d Cir. 1966), *cert. denied,* 385 U.S. 948, 87 S.Ct. 322, 17 L.Ed.2d 227, the Second Circuit had reversed a judgment for the plaintiffs and had awarded costs on appeal to the defendants. Upon remand and entry of judgment for the defendants, the clerk of the district court had taxed the plaintiffs $5,672.70 which amount included the costs of a supersedeas bond. The plaintiffs appealed on the matter of costs. The court declined with regard to the per se costs taxed in the court of appeals to reconsider the propriety of the amount so taxed. As to the costs taxed in the district court, the court considered the various contentions, including one which is in effect urged here, that "such heavy charges should not be imposed upon the widow and children for whom this action was brought in good faith." *Id.* 362 F.2d at 801. Holding that this was a matter reserved to the sound discretion of the trial court, but finding no abuse of discretion, the court affirmed. *See also, Trans World Airlines, Inc. v. Hughes,* 515 F.2d 173, 178, 179 (2d Cir. 1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976).

We do not here need to decide the extent of the discretionary authority of the district court to disallow costs to a prevailing party who has been awarded costs on appeal inasmuch as the mandate on the judgment of this court has not yet been returned to the district court.

In the exercise of the discretion of this court in the matter of costs, it is ordered that the costs referred to in the opinion of this court as being costs on appeal, which were awarded to the appellant, shall refer only to the costs taxable in this court under Rule 39(c), F.R.A.P., which amount to

$112.00, and the district court shall, in its discretion, determine the allowance of any costs taxable in the district court under Rule 39(e), F.R.App.P. We express no opinion as to what determination should be made by the district court in this respect.

It is further ordered that the petition for rehearing is denied and the suggestion for rehearing *en banc* is also denied, no judge in regular active service having requested a vote on the suggestion.