# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-2106

HILARY MAREK WINNICZEK and
DANUTA WINNICZEK,

*Plaintiffs-Appellants*,

*v.*

SHELDON B. NAGELBERG,

*Defendant-Appellee*.

_____

Objection to Bill of Costs

_____

SUBMITTED FEBRUARY 1, 2005—DECIDED MARCH 8, 2005

_____

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges*.

PER CURIAM.  After we reversed the judgment, 394 F.3d 505 (7th Cir. 2005), the appellants submitted a bill of costs in the amount of $827. The appellee objects to certain items. One of his objections presents a novel question; hence this opinion. The bill of costs includes this court's docketing fee of $250 (an amount fixed by the Judicial Conference of the United States, exercising power delegated to it by 28 U.S.C. § 1913). The *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* 88 (2003),

published by this court, states that the docketing fee is taxable as costs. But the *Handbook* is not a source of law; and in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), the Supreme Court ruled that Fed. R. Civ. P. 54(d), which authorizes the taxing of costs in the district court, allows only those items to be taxed that are listed in the costs statute, 28 U.S.C. § 1920. See, besides the *Crawford* decision, *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 87 (1991) (fees of experts who testified at trial); *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998) (cost of deposition transcripts); *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996) (marshal's fees).

The counterpart to Rule 54(d) of the civil rules is Rule 39 of the appellate rules, and since section 1920 applies to all federal courts, Rule 39 should likewise be subject to that statute. It might seem that Rule 39, unlike Rule 54(d)(1), lists specific items that can be taxed as costs, setting up a possible conflict with the statute; but this is incorrect. The references in the rule to specific items are merely procedural: Rule 39(c) directs the courts of appeals to fix the maximum rate for taxing the cost of copies and Rule 39(e) lists four types of cost on appeal that must be obtained from the district court rather than from the court of appeals. There is no attempt to broaden the list of taxable items that appears in section 1920.

So, for the docketing fee in this court to be recoverable as costs, it has to be fitted into one of the categories listed in the statute. The only possibility is "fees of the clerk." 29 U.S.C. § 1920(1). A docketing fee is a fee charged by a court for filing a claim, and the clerk is the court official who administers the collection of court fees. So we think the docketing fee is a proper cost item, as other courts have assumed, *Seyler v. Seyler*, 678 F.2d 29, 31 (5th Cir. 1982) (citing Rule 39); *Northcross v. Board of Education*, 611 F.2d

624, 639-40 (6th Cir. 1980) (citing Rule 39 and § 1920); *In re Penn Central Transportation Co.*, 630 F.2d 183, 191 (3d Cir. 1980) (same); *Saunders v. Washington Metropolitan Area Transit Authority*, 505 F.2d 331, 332 and 334 (D.C. Cir. 1974) (per curiam) (same), though without discussion of the point. The docketing fee will therefore be allowed; with other adjustments unnecessary to discuss, the appellants are awarded fees in this court in the total amount of $482.20.

A true Copy:

      Teste:

                              _____
                              *Clerk of the United States Court of*
                                *Appeals for the Seventh Circuit*