# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 05-3634

REPUBLIC TOBACCO COMPANY,

*Plaintiff-Appellant,*

*v.*

NORTH ATLANTIC TRADING COMPANY,
INC., NORTH ATLANTIC OPERATING
COMPANY, INC., AND NATIONAL TOBACCO
COMPANY,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 4011—**John F. Grady**, *Judge.*

---

ARGUED NOVEMBER 28, 2006—DECIDED FEBRUARY 22, 2007

---

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 1998, Republic Tobacco
Company (Republic) sued North Atlantic Trading Com-
pany, Inc., North Atlantic Operating Company, Inc., and
National Tobacco Co., L.P. (collectively "NATC"), alleging
that NATC wrote false and accusatory letters to Republic's
customers. In 2004, this Court affirmed a jury's finding of
liability against NATC but reduced the jury's damages
award to $3 million. *Republic Tobacco Co. v. N. Atl.
Trading Co.*, 381 F.3d 717, 734-36 (7th Cir. 2004). Back in

the district court, NATC attempted to recover the costs it incurred by securing the judgment in excess of $3 million. The district court granted NATC's motion, and Republic appeals. For the following reasons, we reverse in part and affirm in part.

## I. Background

Republic and NATC are competing distributors of roll-your-own cigarette papers. In January 1998, a NATC employee wrote a letter to one of Republic's largest retail customers, Clark Oil, stating that Republic was violating NATC's patent and trademark rights and that, as a result, NATC had taken legal action against one of Republic's other customers. In August 1998, NATC wrote a letter to all of its customers (many were also Republic customers), alleging that Republic's marketing programs violated federal and state antitrust laws.

Republic sued NATC for defamation and violations of the Lanham Act, 15 U.S.C. § 1125(a). It also sought a declaratory judgment that its marketing programs were lawful. NATC filed counterclaims alleging that Republic violated federal and state antitrust laws and that it committed a variety of other state law commercial torts. At the summary judgment stage, the district court dismissed all of NATC's claims and granted Republic both the declaratory relief it sought and summary judgment on its defamation claim. On July 8, 2003, a jury awarded Republic $18.6 million in damages.

NATC moved to stay execution of the judgment pursuant to Federal Rule of Civil Procedure 62(b). It supported its motion with an affidavit from the company's President and Chief Financial Officer, David Brunson, who averred that NATC could not afford to secure an $18.6 million appeal bond because it had no unencumbered assets to serve as

collateral. It then asked the court to waive the security requirement or, alternatively, allow a security bond of $3 million. Republic opposed NATC's request to waive or reduce the security requirement and insisted on security in the full amount of the judgment.

The district court held four hearings to determine the proper security. On July 16, 2003, NATC offered to post as security for the judgment a $3 million letter of credit. Based on an overnight review of NATC's public financial statements, however, Republic complained that NATC actually possessed $44 million worth of unencumbered assets. NATC responded that the assets were in fact encumbered and that it could only post $3 million from a revolving line of credit. Republic mentioned the possibility of accepting, in lieu of a bond, a second priority secured interest in NATC's assets, provided that it received more information about NATC's financial status, but NATC never provided that documentation.

On July 23, 2003, NATC advised the court that one of its investors could obtain an $18.6 million loan for $595,000 plus interest.[1] In response, Republic offered to secure the judgment for $1.1 million, which approximated the offer from NATC's investor. On July 31, the district court ordered NATC to secure the full judgment, and NATC promptly obtained the loan through its investor.

On November 20, 2003, the district court granted NATC's post-trial motion for a remittitur or, alternatively, a new trial and reduced the jury verdict to $7.44 million. On December 23, Republic accepted the remittitur, and the district court entered an amended judgment of $7.44 million. NATC immediately sought and obtained a reduc-

---

[1] Under the terms of the loan, the $595,000 was a one-time, non-refundable payment.

tion of the security to reduce the amount of interest paid on its loan. On January 7, 2004, the district court awarded Republic $185,785.02 in costs pursuant to Federal Rule of Civil Procedure 54(d).

On September 1, 2004, this Court affirmed the district court's grant of summary judgment in Republic's favor on NATC's antitrust claims and Republic's defamation claim. We also reduced Republic's damage award from $7.44 million to $3 million and ordered each party to bear its own costs.

On September 15, 2004, NATC moved this Court to award NATC the costs, approximately $1.1 million, that it incurred by securing the judgment to the extent it exceeded $3 million. The Court denied NATC's motion, stating, "Any request for costs associated with [NATC's] supersedeas bond should be directed to the district court."

Following our instructions, NATC filed a motion in the district court under Federal Rule of Civil Procedure 54(d), seeking the costs it incurred by securing the jury's $18.6 million judgment during the district court's post-trial proceedings. The motion also asked the court to award, under Federal Rule of Appellate Procedure 39(e), the costs associated with securing the $7.44 million judgment on appeal.

Republic opposed the motion, arguing that (1) NATC was not entitled to costs incurred prior to appeal because it was not the prevailing party in the district court, (2) it did not seek the costs within thirty days of judgment as required by Local Rule 54.1(a), (3) it did not prevail on appeal to justify an award of costs under Rule 39(e), and (4) it chose an unnecessarily expensive mode of security.

The district court granted NATC's motion in its entirety. It pointed out that NATC had to secure judgments before appeal, during appeal, and after appeal. It said that Rule

39(e) allowed it to award costs during appeal and that Local Rule 54.1(c) allowed it to award costs before and after appeal.[2] It also rejected Republic's contention that NATC's costs in securing the judgment were unreasonably high. It found credible Brunson's assertion that NATC attempted to obtain a bond from a bonding company but was unable to do so because it had no unencumbered assets to pledge as collateral.

## II.  Analysis

### A.  Prevailing Party

Republic first argues that the district court erred by awarding NATC's post-trial, pre-appeal costs under Federal Rule of Civil Procedure 54(d), because NATC was not the prevailing party in the district court. NATC responds that the district court correctly awarded those costs because it prevailed at the post-trial stage insofar as the district court reduced the jury's damages award. The question, therefore, is whether a defendant can be a prevailing party under Rule 54(d) if its only success in the district court is a reduction of the plaintiff's damages award. The Court reviews the district court's interpretation of the phrase "prevailing party" de novo. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006); *Dupuy v. Samuels*, 423 F.3d 714, 718 (7th Cir. 2005) (reviewing de novo a district court's interpretation of "prevailing party" for purposes of 42 U.S.C. § 1988).

---

[2] Local Rule 54.1(c) reads as follows, "If costs shall be awarded by the court to either or any party[,] then the reasonable premiums or expenses paid on all bonds or stipulations or other security given by the party in that suit shall be taxed as part of the costs of that party."

Rule 54(d)(1) states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Courts and commentators have interpreted "prevailing party" to mean "the party in whose favor judgment has been entered." Moore's Federal Practice § 54.101[3] (3d ed. 2006); *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (noting that a party prevails if judgment is entered in its favor); *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."); *Three Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 998-99 (5th Cir. 1975) (reversing a district court's award of costs to the defendant where the plaintiff won its breach of contract claim and was entitled to an award of nominal damages). Additionally, one commentator has stated that "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." Wright & Miller, Federal Practice & Procedure § 2667 (3d ed. 2006).

We agree that a district court's award of costs should not depend on who wins the various battles preceding final judgment. Indeed, we have not found, and NATC has not cited, any case in which an appellate court has upheld an award of costs to a party that did not obtain a judgment in its favor. In this case, Republic prevailed, notwithstanding NATC's successful post-trial motion, because the district court entered a $7.44 million judgment in its favor. Consequently, the district court erred by taxing NATC's post-trial, pre-appeal costs against Republic.

### B.  *Crawford* and Rule 54(d)

Even if NATC had prevailed below, there is a second reason that the district court erred by awarding NATC its

post-trial, pre-appeal costs.[3] The Supreme Court has said that a district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987) (holding that expert witness fees in excess of the statutory allowance are not recoverable under Rule 54(d)); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) ("To be compensable . . . a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement.").

Section 1920 of Title 28 of the United States Code lists the costs taxable under Rule 54(d), and it does not mention costs associated with securing a judgment pending the resolution of post-trial motions:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

---

[3] NATC contends that Republic forfeited this argument by not raising it in the district court. NATC is correct that Republic raised the issue for the first time on appeal, but the issue is one of statutory interpretation, which has been fully briefed and which we review de novo. *See Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (reviewing district court's interpretation of Rule 54(d) de novo). For that reason, we exercise our discretion to address the issue for the first time on appeal. *See Amcast Indus. Corp. v. Detrex Corp.*, 2 F.3d 746, 750 (7th Cir. 1993) (resolving an issue not raised in the district court where it involved a pure issue of statutory interpretation and "the district judge's view . . . could have no effect on [the Court's] review, which is plenary on matters of law.").

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries fees, expenses, and costs of special interpretation services under section 1828 of this title.

NATC does not contend that any other statute authorizes such costs. Consequently, *Crawford* mandates our reversal of the district court's award.

NATC attempts to avoid this result by citing three fifty-year-old Seventh Circuit decisions that were issued long before *Crawford*. *See Intertype Corp. v. Clark-Congress Corp.*, 249 F.2d 626, 629 (7th Cir. 1957); *In re N. Ind. Oil Co.*, 192 F.2d 139, 143 (7th Cir. 1951); *Swalley v. Addressograph-Multigraph Corp.*, 168 F.2d 585, 587 (7th Cir. 1948). To the extent these cases suggest that Rule 54(d) empowers a district court to tax costs not outlined in § 1920, they are not controlling in light of *Crawford*.

NATC also contends that if § 1920 precludes an award of bond premiums under Federal Rule of Civil Procedure 54(d), then it also precludes the award of bond premiums under Federal Rule of Appellate Procedure 39(e). We disagree. NATC is correct, as one of the Advisory Committee Notes to Rule 39 mentions, that § 1920 provides courts with the authority to award costs under Rule 39. NATC is also correct that § 1920's categories do not include one that allows costs for bond premiums. Nevertheless, Congress approved Rule 39 after it passed § 1920, and Rule 39 specifically provides that a district court may award "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." Where the Federal Rules conflict with a "procedure provided in an earlier act of Congress," the Federal Rules control. *Am. Fed'n of Musi-*

*cians v. Stein*,  213 F.2d 679, 686 (6th Cir. 1954); *see also* 28 U.S.C. § 2072 (allowing the United States Supreme Court to promulgate rules of procedure and declaring invalid any laws that conflict with those rules at the time the rules take effect). In short, because Rule 39(e) expressly authorizes the taxation of supersedeas bond costs, it is binding on district courts regardless of whether § 1920 authorizes an award of those costs. By contrast, Rule 54(d) does not outline any specific costs taxable by the district court, and therefore, as discussed in *Crawford*, remains limited by § 1920.

NATC also cites *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005) in support of its argument that § 1920 prohibits an award of bond premiums under Rule 39(e). In *Winniczek*, the Court held that an appellate court's docketing fee is properly taxable under Rule 39(e) because it appears as one of the listed costs in § 1920. In so holding, the Court said that "Rule 39(e) lists four types of cost on appeal that must be obtained from the district court rather than from the court of appeals. There is no attempt to broaden the list of taxable items that appears in section 1920." *Id.* The Court's dicta suggests that the four types of costs taxable under Rule 39(e) are included in the types of costs taxable under § 1920. Nothing in § 1920 allows a district court to award the premium paid for a supersedeas bond, which is not a fee of the clerk, a fee of the court reporter, a printing fee, a copying fee, or any other fee listed in the statute. Consequently, any suggestion in *Winniczek*'s dicta that Rule 39(e) does not expand the costs taxable under § 1920 is an over-reading and does not control the resolution of this case.

## C.  Securing Judgment on Appeal

Republic next argues that the district court erred by awarding NATC the costs that it expended by securing

Republic's judgment on appeal. Republic first contends that the district court erred by not following this Court's September 1, 2004 order, which stated that each party should bear its own costs. We reject this argument. In *Guse v. J.C. Penney Co.*, 570 F.2d 679, 681 (7th Cir. 1978), we held that a district court has discretion not to award a party costs under Federal Rule of Appellate Procedure 39(e), despite an order by the appellate court awarding costs to that same party. The Court said that when it awarded costs, its ruling only referred to those costs taxable in the appellate court under Rule 39(c) and did not preclude the district court from awarding (or declining to award), in its discretion, costs taxable under Rule 39(e). *Id.* Our September 1, 2004 order in this case cited *Guse*, plainly indicating that the district court was permitted to award costs under Rule 39(e).

Republic also maintains that the district court abused its discretion by awarding NATC all of its appellate costs under Rule 39(e) because Republic, not NATC, won the majority of relief on appeal. The Court rejects this argument as well. Rule 39(a) says,

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> (2) if a judgment is affirmed, costs are taxed against the appellant;
>
> (3) if a judgment is reversed, costs are taxed against the appellee;
>
> (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Rule 39(e) then provides that a district court may tax, "for the benefit of the party entitled to costs under this rule . . . premiums paid for a supersedeas bond or other bond to preserve rights pending appeal."

Few cases have discussed how Rules 39(a) and 39(e) work together, but we have held that a district court has broad discretion to deny costs to a successful appellee under Rule 39(e). *See Guse*, 570 F.2d at 681. In *Guse*, the Court said that "unless . . . the court orders otherwise" language in Rule 39(a) confirms that a district court may, in its sound discretion, depart from the default awards set out in Rule 39(a)(1)-(3) when assessing costs under Rule 39(e). We believe that similar discretionary language found in Rule 39(a)(4) affords district courts broad discretion to allocate costs where, as here, an appellate court modifies a district court's judgment.

Our conclusion is supported by a decision from the Eighth Circuit. *See Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626-27 (8th Cir. 2003). In *Emmenegger*, the plaintiffs won a multi-million dollar judgment, and the defendant had to secure the judgment with a supersedeas bond to avoid execution pending appeal. The Eighth Circuit affirmed the judgment for the plaintiffs on one claim but vacated the judgment on another claim and remanded for a new trial. The plaintiffs recast the vacated claims, but the new jury awarded less damages the second time around. After trial, the district court allowed the defendant the cost of its supersedeas bond, concluding that it "would not have had to pay for a supersedeas bond in the first instance but for the plaintiffs' pursuit of their claims under the wrong legal theory." *Id.* at 627. The Eighth Circuit held that the district court did not abuse its discretion.

The disposition of the original appeal in this case, as in *Emmenegger*, falls into the category described in Rule 39(a)(4). We affirmed summary judgment in favor of Republic on its defamation claim and NATC's antitrust claims, but we modified the large damages award. Given the district court's broad discretion in this area, *see Guse*, 570 F.2d at 681, it did not err by awarding appellate costs

to NATC, particularly where the costs at issue stemmed from Republic's defense of an unreasonably large damages award that we ultimately modified on appeal. That said, the district court, on remand, has discretion to revisit its award of appellate costs and may elect—after hearing more from the parties on this issue—to award NATC only a percentage of its appellate costs given that Republic did retain a significant judgment.

### D.  Premiums Paid for a Supersedeas Bond

Republic next contends that the district court should not have awarded NATC the costs associated with obtaining the loan used to secure the district court's judgment because Rule 39(e) only allows a party to recover "premiums paid for a supersedeas bond or other bond." As Republic correctly points out, NATC did not purchase a bond to secure Republic's judgment, but rather borrowed money located by an investor and deposited it with the clerk of the court.

Several courts have discussed whether a party can recover costs, other than those associated with obtaining a bond, that serve to secure a judgment pending appeal. A number of those courts have held that costs paid in addition to costs paid for a supersedeas bond are not recoverable. *See Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989) (holding that a party may not recover the cost of a letter of credit used to obtain a supersedeas bond); *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir. 1986) (holding that a party may not recover the interest on a loan obtained to purchase a supersedeas bond). Other decisions have held that a party may recover the costs of securing a judgment if they are paid in lieu of obtaining a supersedeas bond. *See, e.g., Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 177-78 (2d Cir. 1975) (holding that a party may recover costs of a

letter of credit and auditing costs paid in lieu of a supersedeas bond premium, where the "obtaining of a supersedeas bond was impracticable"). Another court has held that a party may recover expenses, such as those incidental to obtaining a letter of credit, in addition to the premium paid for a bond, so long as the total cost of those expenses is less than the cost of obtaining a bond without supporting collateral. *See Bose Corp. v. Consumers Union of U.S., Inc.*, 806 F.2d 304, 305 (1st Cir. 1986).

In this case, unlike *Johnson* and *Lerman*, NATC did not pay borrowing costs in addition to a premium for a supersedeas bond. Rather, as in *Trans World Airlines*, NATC paid borrowing costs in lieu of a premium for a supersedeas bond. Additionally, as in *Bose Corp.*, NATC has offered evidence, in the form of David Brunson's affidavit, that NATC's borrowing costs were no more expensive than the premium for a supersedeas bond, because no bond-seller was willing to secure Republic's $18.6 million judgment.[4] Republic has not offered evidence to the contrary. As a result, the district court did not abuse its discretion by taxing the costs that NATC paid to obtain its loan, but only to the extent those costs can be allocated to the period of time the case was on appeal.

### E.  Reasonableness

Finally, Republic argues that NATC should not be allowed to recover its borrowing costs because they were

---

[4] Republic takes issue with the fact that NATC's costs were more of a finder's fee than an actual borrowing cost because its investor received $500,000 though he did not actually loan money to NATC. Regardless of how NATC's costs are characterized, if the cheapest way to secure Republic's judgment on appeal required NATC to pay a finder's fee, then Rule 39(e) authorized the district court to award those costs.

unreasonably expensive. It maintains that NATC had plenty of unencumbered assets that it could have used to obtain a reasonably priced supersedeas bond or less expensive loan. In the end, however, Republic is quibbling with the district court's decision to credit Brunson's testimony that at the time of the jury verdict, NATC had no unencumbered assets to pledge as collateral and that NATC could not obtain a "typical" supersedeas bond. This credibility determination is one that is classically reserved for the district court, and it did not abuse its discretion in concluding that NATC's borrowing expenses were reasonable. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988). ("[W]e will not overturn a district court's decision that the cost was necessary to the litigation nor its determination of what amount is reasonable, absent, of course, a showing of clear abuse of discretion.").

We note, as a final matter, that NATC's loan secured Republic's judgment both during the district court's post-trial proceedings and during the pendency of appeal. On remand, the district court should determine what percentage of NATC's costs are allocable to the period of time this case was on appeal by evaluating the equitable considerations that may be relevant to that issue.

## III. Conclusion

The Court REVERSES the district court's ruling to the extent that it awarded NATC costs under Federal Rule of Civil Procedure 54(d) and AFFIRMS the district court's ruling to the extent that it awarded costs under Federal Rule of Appellate Procedure 39(e). The Court REMANDS the case so that the district court may, in the first instance, determine what portion of NATC's costs should be allocated to the proceedings in this Court.

No. 05-3634                                                    15

A true Copy:

    Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*