**In re GRIFFIN TRADING COMPANY, INC., Debtor.**

**Leroy G. Inskeep, not individually but Trustee for Griffin Trading Company, Inc., Plaintiff,**

**v.**

**Farrel J. Griffin and Roger S. Griffin, Defendants.**

**Bankruptcy No. 98 B 41742.**

**Adversary No. 01 A 00007.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 10, 2010.

Catherine L. Steege, Esq., Jenner & Block LLP, David N. Missner, DLA Piper U.S. LLP, Chicago, IL, for Plaintiff.

Winston & Strawn, E. King Poor, Quarles & Brady LLP, Matthais A. Lydon, Winston & Strawn LLP, Matthew M. Wawrzyn, Winston & Strawn, Chicago, IL, for Defendants.

## Memorandum Opinion

BRUCE W. BLACK, Bankruptcy Judge.

This matter comes before the court on the Defendants' motion for costs. Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7054(b) and Local Bankruptcy Rule ("Local Rule") 7054–1(C)[1] the motion seeks: (1) $515 for trial transcripts; (2) $245 for the notice of appeal fee; and (3) approximately $196,000, the amount they expended maintaining two letters of credit over the course of what has been a lengthy appeals process. The Trustee does not object to the costs associated with the trial transcripts or the notice of appeal, and those costs are GRANTED. For the following reasons, however, the expenses regarding the letters of credit are DENIED.

### I. Background

Griffin Trading Company ("Griffin") filed its voluntary chapter 7 bankruptcy petition near the end of 1998. In 2001, the Trustee initiated the instant adversary proceeding against Griffin's principals, Farrel Griffin and Roger Griffin (the "Defendants"). The litigation culminated in a trial on count IV of the complaint. In early 2005, this court rendered a judgment in favor of the Trustee in the amount of $4,690,071.99. The Defendants filed a notice of appeal and sought to stay the execution of proceedings to enforce the judgment. The Trustee agreed to the stay and an order was entered permitting the judgment to be secured by two letters of credit in the amount of $2,412,588.33 each. On appeal, the district court vacated the judgment and remanded for further findings, clarifications, and analysis. On July 13, 2009, a second trial was held resulting in the conclusion that the Trustee had not met his burden of proof. Judgment was then entered in favor of the Defendants.[2]

### II. Analysis

■ Bankruptcy Rule 7054(b) and Local Rule 7054–1(C) are pertinent to the issue in question. The Defendants argue that, because Local Rule 7054–1(C) provides for the specific relief requested, this court must grant their motion. The Trustee responds that, although Local Rule 7054–1(C) does provide for the relief requested, it cannot be enforced because it is in direct contradiction to the United States Supreme Court's decision in *Crawford Fitting Company v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) and to the Seventh Circuit Court of Appeals' decision in *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.,* 481 F.3d 442 (7th Cir.2007).

Bankruptcy Rule 7054(b) states, in pertinent part, "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bankr.P. 7054(b). Local Rule 7054–1(C) expands upon Bankruptcy Rule 7054, stating, in its entirety: "If costs are awarded to any party, the reasonable premiums or expenses paid on all bonds or other security given by the party shall be taxed as part of the costs."[3]

1. Although the Defendants rely on Federal Rule of Civil Procedure 39 and Bankruptcy Rule 8014 by analogy, neither party argues that they are controlling in the instant case.

2. *Inskeep v. Griffin (In re Griffin Co., Inc.)* 418 B.R. 714 (Bankr.N.D.Ill.2009).

3. The District Court for the Northern District of Illinois has also promulgated local rule 54.1(c), which is nearly identical to the local

Bankr.N.D. Ill. R. 7054–1(C). Therefore, according to the local rule, if this court allows any costs to the Defendants, it must include the premiums paid to secure the two letters of credit as part of those costs.

Binding case law precludes application of the local rule. The Supreme Court and the Seventh Circuit have both clarified the definition of 'costs' under Federal Rule of Civil Procedure ("Rule") 54 and by implication, its companion Bankruptcy Rule 7054. *See In re Northwestern Corp.*, 326 B.R. 519, 529 (Bankr.D.Del.2005)(holding Bankruptcy Rule 7054 is limited by the same statute as Rule 54). The definition of 'costs' explained by both of those courts prevents the application of Local Rule 7054–1(C) in this case.

In both *Crawford* and *Republic Tobacco* the courts held that 'costs' under Rule 54(d) cannot be taxed "unless a federal statute authorizes an award of those costs." *Republic Tobacco*, 481 F.3d at 447 (citing *Crawford*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385). Both courts rely on Section 1920 of Title 28 of the United States Code, which lists six taxable costs under Rule 54(d). Premiums paid on security given by the prevailing party is not among them. *See* 28 U.S.C. § 1920.

The Defendants assert that, although 28 U.S.C. § 1920 only lists six taxable events, "there is nothing in *Crawford* that prevents a district or bankruptcy court from adding to the list in § 1920, so long [as] the addition is not contrary to other express provisions." [Def. Reply p. 4]. However, the *Crawford* court explained why the exact opposite is true. The *Crawford* court stated that "[i]f Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920,

which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441, 107 S.Ct. 2494. Therefore, the discretion written into Rule 54(d) and 7054(b) does not give courts the power to add to the list in § 1920, but "is solely a power to decline to tax, as costs, the items enumerated in [the section]." 482 U.S. at 442, 107 S.Ct. 2494.

The Defendants' argument is not saved by the fact that there is a local rule that mandates the taxing of these particular costs. In *Republic Tobacco* the district court had a local rule nearly identical to this court's local rule, which required the district court to tax the cost of premiums paid on security given as part of the costs. *See* 481 F.3d at 446, n. 2. Despite the local rule, the *Republic Tobacco* court still held that because "Rule 54(d) does not outline any specific costs taxable by the district court [it] remains limited by § 1920." *Id.* at 448. Similarly, this court's power to tax costs under Bankruptcy Rule 7054(b) is limited by § 1920, and the local rule does not expand that power.

### III. Conclusion

Local Rule 7054–1(C) is unenforceable in this case. *Crawford* and *Republic Tobacco* clearly hold that this court has no authority to tax costs under Bankruptcy Rule 7054 that are not enumerated in 28 U.S.C. § 1920. Accordingly, the Defendants' request that costs include the letter of credit expenses is DENIED.

bankruptcy rule in question. Local rule 54.1(c) reads as follows: "If costs shall be awarded by the court to either or any party then the reasonable premiums or expenses paid on all bonds or stipulations or other security given by the party in that suit shall be taxed as part of the costs of that party."