The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 20, 2025

**2025COA21**

**No. 24CA1058, *Tracy v. Surofchek* — Colorado Rules of
Appellate Procedure — Costs on Appeal Taxable in the Trial
Court — Premiums Paid for Supersedeas or Other Bond —
Letters of Credit**

A division of the court of appeals holds, as a matter of first
impression, that the reasonable cost of a letter of credit that is
approved by and delivered to the court to secure a judgment
pending appeal is a recoverable cost of appeal under C.A.R.
39(c)(1)(C).

Court of Appeals No. 24CA1058
El Paso County District Court No. 20CV30335
Honorable Thomas K. Kane, Judge
Honorable Amanda J. Philipps, Judge

George Tracy and Amy Tracy,

Plaintiffs-Appellants,

v.

David T. Surofchek and Amy Surofchek,

Defendants-Appellees.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

Announced February 20, 2025

Gordon & Rees LLP, John R. Mann, Denver, Colorado, for Plaintiffs-Appellants

Sparks Willson, P.C., Eric V. Hall, Robert J. Bucknam, Colorado Springs, Colorado, for Defendants-Appellees

¶ 1     George and Amy Tracy appeal the district court's order declining to award them the costs of letters of credit they obtained to stay execution of a judgment against them pending their ultimately successful appeal of a part of that judgment.  The district court concluded that such costs aren't recoverable as costs of appeal under C.A.R. 39(c)(1)(C) as a matter of law.  But we conclude that a successful appellant may recover the reasonable cost of a letter of credit that the appellant obtains and delivers, and the district court approves, in lieu of a supersedeas bond to stay execution of a civil judgment pending appeal.  We therefore reverse the district court's order and remand the case to the district court to determine the reasonable costs of the Tracys' letters of credit.

## I.     Background

¶ 2     David T. and Amy Surofchek bought a house next to the Tracys' house.  Before moving in, though, they began renovating their backyard fence, which bordered part of the Tracys' property.  A dispute arose over who owned a corner area of property where part of the fence ran, with each side accusing the other of unneighborly behavior.

¶ 3     Though the Tracys and Surofcheks reached a settlement whereby the Surofcheks paid the Tracys $15,000 in return for a quitclaim deed to the disputed parcel, the Tracys later sued the Surofcheks for trespass, conversion and destruction of property, and violations of the homeowners' association covenants.  The Surofcheks counterclaimed for breach of the settlement agreement and abuse of process.

¶ 4     A jury found in the Surofcheks' favor on the Tracys' claims and on both of the Surofcheks' counterclaims.  It awarded the Surofcheks $208,542 in damages on their counterclaim for breach of the settlement agreement and $950,000 on their counterclaim for abuse of process.  The court entered judgment for the Surofcheks on the jury's verdicts for $1,169,251.55 (which included prejudgment interest).

¶ 5     The Tracys moved the court to approve a letter of credit in the amount of $1,448,178 to serve as a bond to stay execution of the judgment pending their planned appeal.  The amount purported to cover the entire judgment.  The Surofcheks didn't oppose the motion.  The district court granted it, and the Tracys delivered the letter of credit to the clerk of the court.  They then filed a notice of

appeal. But they didn't appeal the entire judgment: they only appealed the part of the judgment the court entered on the Surofcheks' abuse of process counterclaim.

¶ 6     While the appeal was pending, the Tracys, again with the court's approval, delivered to the court second and third letters of credit in the amounts of $13,386.94 and $15,809, respectively, to account for amendments to the judgment and costs pending appeal. They later delivered three renewed letters of credit because the previous ones expired after one year. Those renewed letters of credit, which the court also approved, extended the previous letters of credit for one year.

¶ 7     A division of this court reversed the judgment on the abuse of process counterclaim, holding that the district court had erroneously instructed the jury. The division therefore remanded the case for a new trial on that counterclaim. *Tracy v. Surofchek*, (Colo. App. No. 22CA0910, July 6, 2023) (not published pursuant to C.A.R. 35(e)). The division's reversal of that part of the judgment, however, didn't affect the part of the judgment the district court had entered on the Surofcheks' counterclaim for breach of the settlement agreement. *Id.* at 18.

3

¶ 8      On remand, the Tracys submitted a bill of costs incurred on appeal to the district court under C.A.R. 39(a) and (c). Among the costs for which they sought an award was $30,367.89 for the "[c]ost of premiums paid for letters of credit/supersedeas bond." They claimed the "premiums" were $15,074 for the initial letters of credit and $15,043.89 for the renewed letters of credit. The Surofcheks objected to these claimed costs, arguing that C.A.R. 39(c)(1)(C) doesn't "authorize an award of borrowing expenses incurred in obtaining a line of credit to secure a letter of credit," the Tracys hadn't shown that they had actually paid these expenses, the costs were "unreasonable and excessive," and the Tracys were seeking costs "associated with judgments that were not appealed" (i.e., the judgment on the counterclaim for breach of the settlement agreement).

¶ 9      The district court denied the Tracys' bill of costs in its entirety because the case wasn't over; the Surofcheks' abuse of process counterclaim remained pending. But in the same order, the court said,

> C.A.R. 39 does not provide for the award of costs associated with obtaining a letter of credit or the borrowing expenses of

4

obtaining a loan. C.A.R. 39(c)(1)(C) allows the Court to award "premiums paid for a supersedeas or other bond to preserve rights pending appeal." C.A.R. 39(c)(1)(C) does not authorize the Court to award the costs associated with a letter of credit.

Plaintiffs seek to recover under C.A.R. 39(c)(1)(C) borrowing expenses for lines of credit used to secure the letters of credit, including for the following costs: loan origination fees, life of loan flood monitoring, flood determination fees, recording fees, and title work. The costs requested are not premiums for a bond or even a letter of credit to be issued. [T]hese are expenses allegedly incurred by Plaintiffs to obtain a loan. Nothing in the express terms of C.A.R. 39(c)(1)(C) authorizes the Court to award borrowing expenses associated with obtaining a loan to secure a letter of credit.

¶ 10 The Surofcheks voluntarily dismissed their abuse of process counterclaim. The Tracys then filed a renewed bill of costs, again seeking an award of $30,367.89 for the "[c]ost of premiums paid for letters of credit/supersedeas bond." A different judge than the one who had previously declined to award costs of appeal until the case was completed entered an order awarding the Tracys $34,772.09 for

appellate costs.[1]  That sum included the costs of the letters of credit.

¶ 11     The Surofcheks responded to the court's order and the Tracys' renewed bill of costs by pointing out that the prior judge had said that the costs of the letters of credit wouldn't be awarded — a fact the Tracys hadn't informed the new judge of when they renewed their request — and arguing why, on the merits, the court shouldn't award those expenses.  The Tracys argued in reply why they were entitled to recover the costs of the letters of credit notwithstanding the previous judge's view on the matter.  The court then changed course, denying the request for the costs of the letters of credit based on the previous judge's reasoning.

## II.     Discussion

¶ 12     The only issue before us is whether the district court abused its discretion by denying the Tracys' request for an award of the costs of the letters of credit.  We conclude that it did because it erroneously viewed any such costs to be outside the scope of

---

[1] The previous judge had retired in the interim.

appellate costs recoverable under C.A.R. 39(c)(1)(C) as a matter of law.

## A.    Standard of Review

¶ 13    "As a general matter, we review a court's award of costs for an abuse of discretion.  But we review the district court's legal conclusions forming the basis for that decision de novo."  *Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 34 (citation omitted).

¶ 14    The issue the Tracys raise and we address — whether the reasonable cost of a letter of credit provided in lieu of a supersedeas bond pending appeal is recoverable under C.A.R. 39(c)(1)(C) — is one of law.  So if we conclude that the district court erred by ruling that such costs can't be recovered, it necessarily follows that the court abused its discretion.  *See Far Horizons Farm*, ¶ 34; *Belinda A. Begley & Robert K. Hirsch Revocable Tr. v. Ireson*, 2020 COA 157, ¶ 62 (a court abuses its discretion if it "misapplies or misconstrues the law").

## B.    Analysis

¶ 15    The Tracys' contention on appeal requires us to construe court rules of appellate and civil procedure.  We construe such rules by

applying settled rules of statutory construction. *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 32. This means we begin by looking at the plain and ordinary meanings of the words and phrases used therein. *Krol v. CF & I Steel,* 2013 COA 32, ¶ 15; *see Schaden,* ¶ 32. But we don't undertake such an assessment in a vacuum; rather, we must read the rules as a whole, considering the relevant context. *Krol,* ¶ 15. And, just as with statutes, we must give consistent, harmonious, and sensible effect to all the relevant rules' parts, taking care to avoid constructions that would render any part thereof superfluous or lead to illogical or absurd results. *Schaden,* ¶ 32; *accord Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 15.

¶ 16 When construing the court rules at issue, a couple of other guiding principles come into play. We must construe the rules of civil procedure "liberally to effectuate their objective to secure the just, speedy, and inexpensive determination of every case and their truth-seeking purpose." *Schaden,* ¶ 33 (quoting *DCP Midstream, LP v. Anadarko Petroleum Co.,* 2013 CO 36, ¶ 24); *see* C.R.C.P. 1(a). And, where the rules are patterned after or otherwise similar to federal rules, we may look to the federal rules and to decisions

construing those rules for guidance. *Schaden*, ¶ 33; *accord Brown*, ¶ 15; *Garrigan v. Bowen*, 243 P.3d 231, 235 (Colo. 2010).

¶ 17 We start, then, as we must, with C.A.R. 39(c), which governs "Costs on Appeal Taxable in the Trial Court." Subsection (c)(1)(C) of that rule provides that "premiums paid for a supersedeas or other bond to preserve rights pending appeal" "are taxable in the trial court for the benefit of the party entitled to costs under this rule." An appellant who is successful on appeal is such a party. C.A.R. 39(a)(3).

¶ 18 The Tracys didn't post a supersedeas bond. But were the fees paid for the letters of credit "premiums paid for . . . other bond[s] to preserve rights pending appeal"? The district court thought not, equating the fees for letters of credit with "borrowing expenses for lines of credit used to secure the letters of credit" or "expenses associated with obtaining a loan to secure a letter of credit." We disagree with the district court's analysis and conclusion.

¶ 19 A "premium" is commonly understood as the cost of purchasing "insurance," Merriam-Webster Dictionary, https://perma.cc/YHQ9-ECXR (defining "premium"), or "coverage by contract whereby one party undertakes to indemnify or

9

guarantee another against loss by a specified contingency or peril," Merriam-Webster Dictionary, https://perma.cc/HMQ3-TB78 (defining "insurance"). A fee paid for a letter of credit to secure payment of a judgment pending appeal is, in essence, a "premium" because it is the cost of a guarantee of payment by a third party of a potential loss occasioned by a specified contingency — affirmance of the judgment on appeal.

¶ 20     And, though C.A.R. 39 doesn't provide any direct guidance on what its reference to "other bond" means, it does provide some indirect guidance. An "other bond" is a bond given "to preserve rights pending appeal." C.A.R. 39(c)(1)(C). Certainly the letters of credit in this case were delivered to preserve the Tracys' rights pending appeal.

¶ 21     But we don't need to hang our hat solely on the language of C.A.R. 39(c)(1)(C) because C.R.C.P. 121, section 1-23 removes all doubt. That rule, entitled "BONDS IN CIVIL ACTIONS," expressly provides that "[l]etters of credit issued by a bank chartered by either the United States government or the State of Colorado" are "bonds" that are effective upon approval by the court, and that "[t]he term 'bond' as used in this rule includes any type of security provided to

10

stay enforcement of a money judgment." C.R.C.P. 121, § 1-23(2)(a), (9).

¶ 22    Therefore, C.A.R. 39(c)(1)(C) and C.R.C.P. 121, section 1-23(2)(a) and (9), considered together, make plain that a letter of credit provided to preserve a party's rights pending appeal in lieu of a supersedeas bond is an "other bond" within the meaning of C.A.R. 39(c)(1)(C). It follows that a successful appellant may recover the reasonable fee for such a bond.[2]

¶ 23    Federal case law applying Fed. R. App. P. 39 — the federal analogue to C.A.R. 39 — generally supports this conclusion. *See, e.g., Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 175, 177 (2d Cir. 1975) (approving the district court's award of the fee for a letter of credit partially securing a judgment pending appeal); *Smart Mktg. Grp., Inc. v. Publ'ns Int'l, Ltd.*, No. 04-cv-0146, 2011 WL 1897214 (N.D. Ill. May 17, 2011) (unpublished opinion); *Johnson v.*

---

[2] At oral argument, the Surofcheks' counsel expressly conceded that the district court erred by concluding that, as a matter of law, the fee for a letter of credit delivered in lieu of a supersedeas bond can't be recovered as a cost of appeal under C.A.R. 39(c). Counsel sought affirmance of the order on the basis that the second judge was merely exercising her discretion when denying recovery of this cost, an argument we reject below.

11

*Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989) ("Where a letter of credit has been used and the total cost has been no greater than a supersedeas bond without collateral, the charge for the letter of credit has been treated as the equivalent of premiums paid for the cost of a supersedeas bond.").[3]  Decisions of state courts do too.

---

[3] Some federal and state court cases, some of which the Tracys and Surofcheks rely on, have drawn a distinction between the cost of a letter of credit that is itself provided in lieu of a supersedeas bond — which, if comparable to the cost of a supersedeas bond, is recoverable — and the cost of a letter of credit that is obtained to secure a supersedeas bond or a loan obtained to pay for a supersedeas bond.  *See Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 445, 449-50 (7th Cir. 2007) (affirming award of costs to obtain a loan of funds that were used to secure a judgment in lieu of a supersedeas bond); *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 297-98 (9th Cir. 1989); *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 165-67 (2d Cir. 1986) (interest charges incurred in borrowing money used as collateral to secure a supersedeas bond not recoverable); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905-RMW, 2012 WL 95417, at *5-6 (N.D. Cal. Jan. 11, 2012) (unpublished order); *Klapmeier v. Cirrus Indus., Inc.*, 900 N.W.2d 386, 393-96 (Minn. 2017).  *But see Bose Corp. v. Consumers Union of U.S., Inc.*, 806 F.2d 304, 304-05 (1st Cir. 1986) (per curiam) (affirming an award of the cost of a letter of credit securing a supersedeas bond because "there [was] no suggestion that the charge for the letter of credit was either unreasonable or resulted in any greater total cost than a supersedeas bond without supporting collateral"); *N. Pointe Ins. Co. v. Steward*, 697 N.W.2d 173, 177-80 (Mich. Ct. App. 2005) (same).  We don't need to address that distinction in this case because the Tracys' letters of credit directly secured the judgment, taking the place of a supersedeas bond.

*E.g.*, *Whittle v. Seehusen*, 748 P.2d 1382, 1388 (Idaho Ct. App. 1987).

¶ 24     Unlike the district court, we also see significant differences between a fee paid for a letter of credit used to secure a judgment pending appeal and borrowing costs of an ordinary loan.  With such a letter of credit, the fee is paid regardless of whether the letter of credit is ever drawn on, just like a premium paid for a supersedeas bond.  With an ordinary loan, however, the funds are necessarily disbursed to the borrower, so the cost of obtaining the loan is in all events the cost (or part of the cost) of actually receiving funds.[4] Also, the letter of credit is payable directly to the judgment creditor by the issuer of the letter, guaranteeing payment to the judgment creditor; a loan to a judgment debtor doesn't share these attributes. *See Centrifugal Casting Mach. Co. v. Am. Bank & Tr. Co.*, 966 F.2d 1348, 1351-52 (10th Cir. 1992) (explaining how letters of credit work).

---

[4] We recognize that if the letter of credit is drawn on, the amount taken becomes a loan.  But that doesn't happen, of course, when the judgment is reversed on appeal.

¶ 25    All this isn't to say that any cost associated with a letter of credit that has some connection to securing a judgment is necessarily recoverable.  (This case doesn't call for us to set limits governing all such situations.)  But it is to say that the reasonable cost of a letter of credit itself used in lieu of a supersedeas bond to secure a judgment is recoverable.

¶ 26    We aren't persuaded to reach a different conclusion by the Surofcheks' arguments for affirmance.

¶ 27    First, contrary to the Surofcheks' argument, the law of the case doctrine didn't require the second judge to adhere to the first judge's ruling.  "Under the law of the case doctrine, 'prior relevant rulings made in the same case are to be followed *unless such application would result in error* or unless the ruling is no longer sound due to changed conditions.'"  *San Antonio, Los Pinos & Conejos River Acequia Preservation Ass'n v. Special Improvement Dist. No. 1*, 2015 CO 52, ¶ 31 (emphasis added) (quoting *People v. Dunlap*, 975 P.2d 723, 758 (Colo. 1999)).  And the law of the case doctrine doesn't "prevent[] a trial court from clarifying or even

14

revisiting its prior rulings." *Stockdale v. Ellsworth*, 2017 CO 109,

¶ 37 (quoting *In re Bass*, 142 P.3d 1259, 1263 (Colo. 2006)).[5]

¶ 28  Thus, the second judge wasn't bound by the first judge's

ruling.  Indeed, by adhering to that ruling, the second judge in

essence repeated the first judge's legal error.  Far from being

required to adhere to the first judge's ruling, the second judge was

actually obliged not to adhere to it because it was inconsistent with

the applicable rules.[6]

¶ 29  Second, we reject the Surofcheks' invitation to affirm on the

ground the district court had discretion to deny the Tracys' request

for the costs of the letters of credit.  The district court denied the

request only because it accepted the first judge's view that such

expenses aren't recoverable as a matter of law.  Nothing in the

record suggests that it would have denied the request had it

---

[5] Of course, the law of the case doctrine wouldn't bind us to follow the first judge's ruling in any event.
[6] We don't intend any disrespect to the trial judges in this case, neither of whom had the benefit of this opinion when they ruled.

recognized that such expenses, if reasonable, are recoverable.[7] Moreover, because, as we have held, reasonable premiums paid to purchase a letter of credit to preserve a judgment debtor's rights are "taxable" under C.A.R. 39(c)(1)(C), a court would have to be confronted with extraordinary circumstances to deny such a request entirely.

¶ 30    For their part, the Tracys ask us to direct the district court to award them the entirety of the costs of the letters of credit. We decline the invitation. The district court hasn't yet ruled on the reasonableness of these expenses. *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1186-87 (Colo. App. 2011) (a trial court has discretion over the amount of costs to award; such amount should be reasonable). And the Surofcheks challenged the reasonableness of the expenses on nonfrivolous bases — i.e., that the letters of credit secured the entirety of the judgment even

---

[7] The Surofcheks' reliance on *Catlin v. Tormey Bewley Corp.*, 219 P.3d 407 (Colo. App. 2009), is misplaced. That case didn't involve costs awardable under C.A.R. 39(c)(1)(C) for bonds used to secure a judgment. Rather, it concerned claimed costs to finance litigation (interest on loans), which the prevailing party sought to recover under section 13-16-122, C.R.S. 2024. (The division held that such costs aren't recoverable under that statute.)

though the Tracys appealed only a portion of the judgment and the Tracys should have obtained multi-year letters of credit. Because we are a court of review, not of first view, *LTCPRO, LLC v. Johnson*, 2024 COA 123, ¶ 46, we leave it to the district court to determine in the first instance the reasonable amount awardable for these expenses.[8]

## III. Disposition

¶ 31 The order is reversed. We remand the case to the district court to determine the reasonable amount of the costs of the letters of credit that the Tracys delivered to secure the judgment. The

---

[8] The Tracys assert that the Surofcheks waived any right to challenge the reasonableness of the costs of the letters of credit because they didn't object to the Tracys providing the letters of credit to secure the judgment within the time allowed by C.R.C.P. 121, section 1-23(6). But when the Tracys proposed using the letters of credit as security for the judgment pending appeal, the relevant issue from the Surofcheks' point of view was whether those letters of credit would adequately secure their judgment. The recoverability of the costs associated with obtaining those letters of credit wasn't relevant to that issue and wasn't before the court. The time for objecting to those costs was when the Tracys sought to recover them after the appeal. The Surofcheks timely did so. Therefore, there was no waiver. *See Mid-Century Ins. Co. v. HIVE Constr., Inc.*, 2023 COA 25, ¶ 21 ("[G]iven that a waiver is an intentional relinquishment of a known right, the circumstances surrounding the alleged waiver matter.") (*cert. granted on other grounds* Feb. 5, 2024).

17

district court may, in its discretion, take additional evidence bearing on that determination.

JUDGE BROWN and JUDGE YUN concur.