UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: BONDS DISTRIBUTING
COMPANY, INCORPORATED,

*Debtor.*

---

BRUCE MAGERS, Trustee in
Bankruptcy for Bonds Distributing
Company, Inc.,

*Plaintiff-Appellee,*

v.

DONALD R. BONDS; BONDS,
INCORPORATED,

*Defendants-Appellants,*

and

WILLIAM L. MILLS, III, d/b/a The
Mills Law Firm, Attorney at Law,

*Third Party Defendant.*

No. 03-1292

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-01-80-1, BK-97-52130-C)

Submitted: July 24, 2003

Decided: August 26, 2003

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Richard S. Gordon, Charlotte, North Carolina, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Donald R. Bonds and Bonds, Inc., appeal from the district court's order denying Bonds' motion for costs, Fed. R. Civ. P. 54(d), and failing to rule on his motion for an order discharging the supersedeas bond with respect to Bonds' prior appeal. We vacate and remand for further proceedings.

In 1995, Bonds sold Bonds Distributing, Inc. ("BDI"), financing part of the sale. When the purchaser defaulted in 1997, Bonds foreclosed pursuant to the sale agreement. Two months later, an involuntary petition under Chapter 7 was filed against BDI.

The Trustee filed an action against Bonds and BDI, claiming that the foreclosure was invalid because a financing statement filed by Bonds used an incorrect address, thereby preventing the perfection of his security interest. The bankruptcy court entered an order granting partial summary judgment in favor of the Trustee on his defective security interest claim, finding as a matter of law that Bonds' security interest was invalid as a result of the omitted address. The district court affirmed. The bankruptcy court also determined that Bonds had a right to a jury trial on remaining issues; the jury awarded $1,400,000 in damages to the Trustee.

Bonds appealed and this court reversed, finding that Bonds substantially complied with North Carolina law, and, therefore, his security interest was perfected. *Magers v. Bonds (In re Bonds Distrib.*

*Inc.)*, No. 01-2503 (4th Cir. July 15, 2002) (unpublished). On December 16, 2002, Bonds filed in the district court a motion for an order awarding costs and a motion seeking discharge of the supersedeas bond. Bonds also filed in this court a motion for costs, which was granted.

On February 13, 2003, the district court entered an Amended Judgment consistent with this court's opinion. The order provided that "[e]ach party shall bear its own costs." Bonds and Bonds, Inc., appeal, contending that the district court abused its discretion both by denying Bonds' motion for costs and by failing to rule on his motion for discharge of the supersedeas bond.

Prevailing parties are entitled to move for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1), which provides that: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." While an award of costs is always a matter of discretion residing with the court, we have stated that the trial court "[m]ay not depart from the 'normal practice' of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990) (citing *Constantino v. American S/T Archilles*, 580 F.2d 121, 123 (4th Cir. 1978)).

Here, Bonds' motion sought costs specifically allowed under 28 U.S.C. § 1920 (2000). Also included in Bonds' motion was the cost of obtaining a letter of credit in lieu of a supersedeas bond, pursuant to Fed. R. App. P. 39(e) (providing that costs on appeal includes "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal"). The district court's order effectively denying Bonds' motion for costs failed to cite any reasons for its decision. We find that this failure constituted an abuse of the court's discretion.

Accordingly, we vacate the district court's amended judgment and remand the case to allow the district court to re-evaluate its decision under the standards outlined above and to articulate a basis for its decision. The court is also directed to rule on Bonds' motion for an order discharging the supersedeas bond. We express no opinion on

the disposition of the case on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*