# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2930

———————

Reeder-Simco GMC, Inc.,      *
        *
      Appellee,      *
        *
    v.      * Appeal from the United States
        * District Court for the
Volvo GM Heavy Truck      * Western District of Arkansas.
Corporation, also known as      *
Volvo Trucks North America, Inc.,      *
        *
      Appellant.      *

———————

Submitted: May 14, 2007
Filed: August 16, 2007

———————

Before BYE and SMITH, Circuit Judges, and NANGLE,[1] District Judge.

———————

BYE, Circuit Judge.

Volvo GM Heavy Truck Corporation (Volvo) appeals the district court's[2] order refusing to award as costs the supersedeas bond premium payments Volvo incurred when it appealed a jury verdict entered in favor of Reeder-Simco GMC, Inc. (Reeder-

———————

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Simco), and the appeal ultimately resulted in the verdict being affirmed in part and reversed in part. Volvo did not request an award of costs while the case was on appeal, and as a consequence the Eighth Circuit never addressed the issue of costs. The district court held it was without authority to award the costs of supersedeas bond premiums in the absence of a specific directive from the Eighth Circuit. We affirm.

I

Reeder-Simco sued Volvo in federal district court alleging unfair price discrimination under the Robinson-Patman Act (RPA) and a failure to deal in good faith and in a commercially reasonable manner under the Arkansas Franchise Practices Act (AFPA). A jury found in Reeder-Simco's favor on both the federal and state law claims and awarded damages of $1,358,000 on the RPA claim and $513,750 on the AFPA claim. The district court trebled the RPA damages and awarded Reeder-Simco attorney fees.

Following the jury vedict, Reeder-Simco advised Volvo of its intention to enforce the judgment in the absence of a stay. In an effort to stay any attempted collection of the judgment while it challenged the verdict on appeal, Volvo posted a supersedeas bond in the amount of $4,705,020.42. Volvo paid an initial premium of $57,408 to secure the supersedeas bond. During the pendency of the appeal proceedings, Volvo paid for three additional annual bond premiums, bringing its total premium payments to $229,632.

In Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 374 F.3d 701, 718 (8th Cir. 2004), the jury verdict was affirmed in its entirety, but Volvo filed a petition for a writ of certiorari with the Supreme Court challenging the RPA claim. The Supreme Court granted Volvo's petition, reversed the verdict on the RPA claim, and remanded the matter to the Eighth Circuit for further proceedings. Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc., 546 U.S. 164, ___ (2006). The Supreme

Court also awarded Volvo $15,428.35 for costs associated with the Supreme Court proceedings.

On remand, the Eighth Circuit entered a final judgment remanding the case to the district court with directions to enter an amended judgment consistent with the Supreme Court's opinion. This judgment resulted in the original district court judgment being affirmed in part (the AFPA verdict) and reversed in part (the RPA verdict).

Rule 39(d)(1) of the Federal Rules of Appellate Procedure provides "[a] party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Volvo did not file a bill of costs with the Eighth Circuit.

Following remand to the district court, Reeder-Simco sought an award of attorney fees and certain costs as the prevailing party with respect to its AFPA claim. The district court entered an amended judgment in Reeder-Simco's favor, in which it vacated the RPA award and reduced the overall damage award to $513,750, awarded Reeder-Simco certain fees and costs, and credited Volvo for the Supreme Court's award of costs (which Reeder-Simco had not yet paid).

After the amended judgment was entered, Volvo filed a motion pursuant to Rule 39 of the Federal Rules of Appellate Procedure asking the district court to tax as costs the portion of the supersedeas bond premium payments attributable to the RPA claim. The district court denied the motion, concluding it had no authority to award appellate costs under Rule 39 because the Eighth Circuit was silent on the matter of costs. Volvo filed a timely appeal.

II

The district court's interpretation of Rule 39 of the Federal Rules of Appellate Procedure is a question of law we review de novo. See Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999) (indicating de novo review applies to questions involving the interpretation of federal rules). Volvo contends the district court erred in concluding it had no authority to tax the supersedeas bond premium payments as costs. We disagree.

Rule 39(a) of the Federal Rules of Appellate Procedure sets forth four separate categories of cases in which costs will be awarded, with different directions for the taxation of costs with respect to each of the four categories. The four categories are: 1) dismissed appeals; 2) affirmed judgments; 3) reversed judgments; and 4) judgments affirmed in part, reversed in part, modified, or vacated.

With respect to the first category (dismissed appeals), Rule 39 provides costs are taxed against the appellant unless the parties agree otherwise. With respect to the second category (affirmed judgments), the rule provides costs are taxed against the appellant. With respect to the third category (reversed judgments), the rule provides costs are taxed against the appellee. Finally, with respect to the fourth category (judgments affirmed in part, reversed in part, modified or vacated), the rule provides "costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4).

This case involves a judgment reversed in part and affirmed in part, and thus falls within the fourth category. In such situations, Rule 39 has no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs. Here, the Eighth Circuit never entered an order indicating whether Reeder-Simco or Volvo was entitled to appellate costs because neither party brought a motion for costs within fourteen days of the judgment entered by the Eighth Circuit.

-4-

See Fed. R. App. P. 39(d)(1) ("A party who wants costs taxed *must* – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs." (emphasis added)).

Rule 39(e) of the Federal Rules of Appellate Procedure provides for certain appellate costs to be taxable in the district court, rather than directly in the appellate court. See Fed. R. App. P. 39(e) advisory committee's note ("The costs described in this subdivision are costs of the appeal and, as such, are within the undertaking of the appeal bond. They are made taxable in the district court for general convenience."). One such type of cost is "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." Fed. R. App. P. 39(e)(4). Rule 39(e), however, limits the costs taxable in the district court to those a party is "entitled to . . . under this rule." When read together, then, the provisions of subdivisions (a)(4) and (e) of Rule 39 indicate the costs listed as taxable in the district court are subject to the appellate court so "order[ing]" them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated. In other words, none of the costs listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates.

Because Volvo never brought a motion for costs before the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39(e) costs in the district court. In such circumstances, the district court correctly held it was without authority to award costs in Volvo's favor. See Golden Door Jewelry v. Lloyds Underwriters, 117 F.3d 1328, 1340-41 (11th Cir. 1997) (addressing an affirmed-in-part/reversed-in-part case and reading Rule 39(a) as requiring an appellate court order before any costs mentioned in Rule 39(e) are recoverable in the district court).

Relying upon Emmenegger v. Bull Moose Tube Co., 324 F.3d 616 (8th Cir. 2003), Volvo contends parties have the ability to seek Rule 39(e) costs in an affirmed-in-part/reversed-in-part case directly in district court, without bringing a motion in the

appellate court. Volvo further contends district courts have authority to award Rule 39(e) costs in an affirmed-in-part/reversed-in-part case without an order from the appellate court. Emmenegger involved a dispute between the Bull Moose Tube Company and three of its former senior executives over compensation related to a phantom-stock plan (PSP) and severance plans. The former executives brought both state and federal ERISA claims against Bull Moose; after a bench trial the district court granted judgment in favor of the executives on both the state and federal claims. Bull Moose challenged the district court's jurisdiction under ERISA. The Eighth Circuit affirmed in part concluding the severance plan was an ERISA plan, but also reversed in part concluding the PSP was not an ERISA plan, and remanded the case to the district court for further proceedings.

Pursuant to Rule 39, Bull Moose moved the Eighth Circuit to tax as costs its supersedeas bond premiums. The Eighth Circuit addressed the motion by entering an order directing Bull Moose to request the district court to tax those costs on remand. On remand, the district court awarded Bull Moose $146,432 representing the cost of the supersedeas bond premiums attributable to the first appeal, even though the former executives ultimately prevailed after remand. The Eighth Circuit affirmed. Emmenegger, 324 F.3d at 626-27. Volvo contends Emmenegger stands for the proposition a district court has discretion to award the costs of supersedeas bond premiums under Rule 39(e) because when Bull Moose filed its request for the taxation of such costs in the appellate court, the Eighth Circuit took no action on the motion other than to direct Bull Moose to re-file its request in the district court. We disagree.

The critical and dispositive distinction between Emmenegger and this case is Bull Moose actually moved for taxation of costs in the Eighth Circuit, whereas Volvo never did. Bull Moose's request gave the Eighth Circuit an opportunity to enter the order required by Rule 39(a)(4) in an affirmed-in-part/reversed-in-part case, even if it was merely an order deferring the matter to the district court. Our decision in Emmenegger is reconcilable with the unambiguous language of Rule 39, as well as

the holding of the Eleventh Circuit in <u>Golden Door</u>.[3]  Because the appellate judgment involved here affirmed in part and reversed in part the judgment entered in the district court, Volvo needed an appellate court order indicating whether Volvo was entitled to recover any costs under Rule 39, including those costs listed under Rule 39(e) which are taxable in the district court.

III

For the reasons stated, we affirm the district court.

_____

---

[3]Volvo relies upon <u>Republic Tobacco Co. v. North Atlantic Trading Co.</u>, 481 F.3d 442 (7th Cir. 2007), as support for its claim Rule 39(a)(4) authorizes a district court to award costs under Rule 39(e) even though the appellate court is silent on the subject.  In <u>Republic Tobacco</u>, however, as in <u>Emmenegger</u>, the party seeking the costs of supersedeas bond premiums filed a motion for such costs in the appellate court, and the appellate court entered an order deferring the matter to the district court. 481 F.3d at 445.  Unlike the parties in both <u>Emmenegger</u> and <u>Republic Tobacco</u>, Volvo never filed a motion for appellate costs in the appellate court.  We disagree with <u>Republic Tobacco</u> to the extent it reads <u>Emmenegger</u> as allowing a party to seek Rule 39(e) costs in the district court without ever filing a request for such costs in the appellate court, because such a reading is contrary to the plain meaning of Rule 39.