09-2292-cv
L-3 Communications v. OSI Systems

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2009

(Argued: December 7, 2009                    Decided: June 2, 2010)

Docket No. 09-2292-cv

_____

**L-3 COMMUNICATIONS CORPORATION,**
*Plaintiff-Counter-Defendant-Appellee*,

-v.-

**OSI SYSTEMS, INC.,**
*Defendant-Counterclaimant-Appellant.*

_____

Before:     KATZMANN and LIVINGSTON, *Circuit Judges*, and
            STANTON, *District Judge*.[*]

Defendant-Counterclaimant-Appellant ("Appellant") appeals from a district court order taxing to Appellant, under Federal Rule of Appellate Procedure 39(e), the Plaintiff-Counter-Defendant-Appellee's ("Appellee") costs of obtaining a letter of credit to secure the judgment on appeal. Because this Court's order awarding costs to Appellee without limitation pursuant to Rule 39(a)(4) entitled Appellee to seek from the district court any and all permissible

---

[*]The Honorable Louis L. Stanton, of the United States District Court for the Southern District of New York, sitting by designation.

items of appellate costs properly taxed by that court pursuant to Rule 39(e), we reject Appellant's argument to the contrary and affirm the order of the district court.

Affirmed.

HOWARD J. RUBINROIT, Sidley Austin LLP, Los Angeles, CA (BRIDGET S. JOHNSON, JOHN J. KUSTER, MARTIN B. JACKSON, NICHOLAS K. LAGEMANN, *on the brief*), *for Defendant-Counterclaimant-Appellant.*

JOSEPH F. WAYLAND, Simpson Thacher & Bartlett LLP, New York, NY (DAVID J. WOLL *on the brief*), *for Plaintiff-Counter-Defendant-Appellee.*

DEBRA ANN LIVINGSTON, *Circuit Judge*:

Appellant OSI Systems, Inc. ("OSI") appeals from an April 27, 2009, order of the United States District Court for the Southern District of New York (Crotty, *J.*) upholding the district court clerk's decision to tax to OSI, pursuant to Federal Rule of Appellate Procedure ("Rule") 39(e), the costs incurred by Appellee L-3 Communications Corporation ("L-3") in obtaining a letter of credit to preserve rights pending appeal. OSI argues that even when this Court has ordered appellate costs to be taxed to a party pursuant to Rule 39(a)(4), a district court is nevertheless without authority to tax any particular item of such appellate costs pursuant to Rule 39(e) unless this Court has expressly authorized

2

the taxing of that item. We disagree. We conclude that this Court's order granting without limitation L-3's motion to tax costs pursuant to Rule 39(a)(4) entitled L-3 to seek from the district court any and all permissible items of appellate costs properly taxed by that court pursuant to Rule 39(e). Accordingly, we affirm the order of the district court.

## BACKGROUND

L-3 and OSI are suppliers of security detection machines used in airports and government buildings. In the fall of 2001, the two companies became interested in acquiring and dividing between them certain parts of the security detection business of a third company. *See L-3 Comms. Corp. v. OSI Sys., Inc.*, 283 F. App'x 830, 831 (2d Cir. 2008). L-3 and OSI entered into a letter of intent, which they subsequently amended, with regard to the proposed deal and thereafter engaged in negotiations to divide assets of the third company that had been purchased by L-3. By November 2002, however, their relationship had deteriorated, and on November 15, 2002, L-3 filed an action against OSI in the Southern District of New York seeking a declaration that it had fulfilled its obligation under the amended letter of intent to negotiate in good faith. *Id*. at 834. OSI counterclaimed for, *inter alia*, actual and constructive fraud and breach of fiduciary duty. *Id*.

On March 2, 2007, after a jury trial on OSI's fraud and breach of fiduciary

duty claims, the district court entered an award against L-3 for over $125 million in compensatory and punitive damages.[1] *Id.* at 831. The parties agreed to stay the district court's judgment while L-3 appealed the judgment to this Court, but OSI required L-3 to secure the judgment. L-3 obtained a letter of credit in the amount of $138,750,000, incurring costs of over $1.5 million. On June 27, 2008, this Court decided by summary order that the district court had erred in concluding as a matter of law that L-3 owed OSI a fiduciary duty. Accordingly, this Court reversed the judgment of the district court as to OSI's breach of fiduciary duty and constructive fraud claims; it also vacated the district court's judgment as to the actual fraud claim and remanded to the district court for a new trial solely on this claim. *Id.* at 837-38.

L-3 subsequently sought to recover its costs associated with the appeal. Since the judgment against L-3 was reversed in part and vacated in part and remanded, L-3 was required by Rule 39(a)(4) to obtain an order from this Court establishing its entitlement to costs. Accordingly, on July 11, 2008, L-3 moved this Court to "tax the costs of appeal against Appellee OSI Systems, pursuant to Fed. R. App. P. 39(a)(4)." In the brief accompanying its motion, L-3 explained that it sought an order from this Court: (1) "awarding L-3 the cost of the

---

[1] Additional background facts regarding the parties' dispute, not relevant to this appeal, are described in this Court's summary order of June 27, 2008. *See id.*

4

docketing fee for its appeal, and the reproduction costs associated with the necessary copies of its briefs and appendix, for a total of $2,724.08"; and (2) in addition, "stating that appellate costs, including the costs listed in Federal Rule of Appellate Procedure 39(e), are taxed against OSI" so that L-3 might obtain from the district court "an award of the particular appellate costs that are 'taxable in the district court for the benefit of the party entitled to costs under this rule.' Fed. R. App. P. 39(e)." L-3 specifically noted that upon this Court taxing appellate costs against OSI, L-3 would "move in the district court pursuant to Rule 39(e) to recover the approximately $1.75 million in costs that L-3 ha[d] incurred in order to secure the $125.6 million judgment pending appeal." OSI submitted a brief opposing L-3's motion.

On August 8, 2008, this Court granted L-3's motion, stating only: "IT IS HEREBY ORDERED that [the] motion to tax the costs pursuant to FRAP 39(a)(4) is GRANTED." On August 13, 2008, L-3 submitted to this Court an itemized statement of costs to be taxed against OSI in this Court, including docketing fees and printing costs, totaling $2,724.08. On September 11, 2008, this Court issued an order taxing these costs under Rule 39(c). The Court's June 27, 2008, summary order reversing in part and vacating in part and remanding issued as a mandate on that same day.

On October 3, 2008, L-3 wrote a letter to the clerk of the court of the

5

Southern District of New York seeking "the appellate costs that, under Rule 39(e), are taxable in the District Court." L-3 explained that it was seeking the cost of the trial transcript as well as the costs L-3 had incurred to secure the judgment on appeal. On November 21, 2008, the clerk of the district court taxed nearly $2.1 million in costs against OSI, which consisted, in large part, of the cost of the letter of credit required to secure the judgment.

On December 3, 2008, OSI appealed the clerk's order to the district court, arguing, *inter alia*, that since this Court had not specifically "directed taxation of costs under Fed. R. App. P. 39(e) in the district court, the district court may not tax such costs on appeal." On April 27, 2009, after a hearing, the district court rejected OSI's arguments and affirmed the clerk's taxation of costs against OSI, including the costs under Rule 39(e) for the letter of credit. The court explained:

> OSI argues that the Appeals Court order must specify that it provides for taxation of costs pursuant to Rule 39(e). There is no such requirement. An order pursuant to Rule 39(a)(4) puts the prevailing party in precisely the same position as a party under Rules 39(a)(1), (2), and (3). A party designated under Rule 39(a)(4) does not have reduced status so that it is limited to a partial recovery of its costs. The prevailing party is entitled to taxable costs at the appellate level, Fed. R. App. P. 39(c) and (d), as well as costs taxed at the district court level under Rule 39(e), unless the Appeals Court rules otherwise. Here it did not. To the contrary, by granting L-3's motion pursuant to Rule 39(a)(4), the

Appeals Court held that L-3 was "entitled to costs" under Rule 39(e).

OSI timely appealed the district court's decision upholding the taxation of costs under Rule 39(e).

## DISCUSSION

Although our standard of review of a district court's interpretation of the Federal Rules of Appellate Procedure appears to be a question of first impression in this Circuit, we now hold that the question whether a district court has properly interpreted such a rule is a question of law that this Court reviews *de novo.* It is settled law that this Court reviews *de novo* questions of statutory interpretation, including a district court's interpretation of the Federal Rules of Civil Procedure. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006). In this context, we see no reason to treat the Federal Rules of Appellate Procedure any differently than the Federal Rules of Civil Procedure. *See Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007) ("The district court's interpretation of Rule 39 of the Federal Rules of Appellate Procedure is a question of law we review de novo.").

This appeal concerns the proper interpretation of a provision of Federal Rule of Appellate Procedure 39, entitled "Costs," which reads, in pertinent part:

7

(a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:

    (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

    (2) if a judgment is affirmed, costs are taxed against the appellant;

    (3) if a judgment is reversed, costs are taxed against the appellee;

    (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

. . .

(e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

    (1) the preparation and transmission of the record;

    (2) the reporter's transcript, if needed to determine the appeal;

    (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

    (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39.

Both parties agree that since this Court, in its June 27, 2008, summary order, vacated in part and reversed in part and remanded, costs here were required to be taxed in accordance with Rule 39(a)(4). Both parties have proceeded on the presumption, moreover, that the letter of credit secured by L-3 in order to preserve its rights pending appeal qualifies as an appellate cost that is potentially taxable in the district court pursuant to Rule 39(e)(3). OSI's primary argument on appeal is that, in a case under Rule 39(a)(4), before the

district court may tax any Rule 39(e) costs against OSI, this Court must expressly and specifically order taxation of those items of appellate costs. L-3 instead urges us to affirm the reasoning of the district court and find that once this Court has determined that a party is entitled to costs under Rule 39(a)(4), that party is in the same position with regard to costs as a prevailing party under Rule 39(a)(1), (2), or (3). On this issue of first impression in this Circuit, we agree with L-3 and affirm the district court.

Subsection (a) of Rule 39, entitled "Against Whom Assessed," provides basic default rules that determine which party bears certain costs of appeal, "unless the law provides or the court orders otherwise." Fed. R. App. P. 39(a). Subsections (a)(1) through (3) distribute the costs of appeal in situations in which it is generally apparent which party should bear the costs, such as when the appeal is dismissed, affirmed, or reversed. Fed. R. App. P. 39(a)(1)-(3). Subsection (a)(4), however, acknowledges that there are some circumstances in which the disposition on appeal will not lend itself to a ready determination of which party, if any, should bear costs on appeal. Thus, subsection (a)(4) instructs that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). We read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed. Just as

with subsections (a)(1), (2), and (3), however, we do not read this section as requiring the appellate court to delineate precisely what costs under Rule 39 that party will bear. This reading comports with the structure of the Rule. Subsection (a)—including (a)(4)—determines which party will bear costs, and the rest of the Rule determines what costs are available and how those costs may be taxed.

Therefore, as the district court determined, "[a] party designated under Rule 39(a)(4) does not have reduced status so that it is limited to a partial recovery of its costs," with costs taxed in the district court being automatically excluded unless expressly authorized by this Court. Once a party is designated by the appellate court without limitation as the party entitled to costs under subsection (a)(4), it is entitled to seek costs in the same manner as is a prevailing party under subsections (a)(1), (2), and (3), and may seek, in the district court, those costs taxable under Rule 39(e). Rule 39(e) is unambiguous on this point, specifying that "[t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). Thus, once a party is entitled to costs, whether pursuant to Rules 39(a)(1) through (3), or by order of the appellate court under Rule 39(a)(4), it is entitled to seek costs in the district court pursuant to Rule 39(e).

In so holding, we note that an appellate court operating under Rule

10

39(a)(4) may "tax the costs of [the] appeal as [it] see[s] fit." *Stewart Park & Reserve Coal., Inc. v. Slater*, 352 F.3d 545, 561 (2d Cir. 2003). That is, in a situation in which Rule 39(a)(4) applies, the appellate court may award all costs to one party, *see, e.g.*, *Feingold v. New York*, 366 F.3d 138, 161 (2d Cir. 2004) ("Pursuant to Federal Rule of Appellate Procedure 39(a)(4), costs of this appeal are awarded to the plaintiff."), may award costs to no party, *see, e.g.*, *M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 69 (2d Cir. 2000) ("We decline to award costs of this appeal to either party. *See* Fed. R. App. P. 39(a)(4)."), or may award costs in whatever combination it sees fit. Our holding today simply clarifies that once the appellate court, without reservation, awards costs to a specific party under Rule 39(a)(4)—as it did in the instant case—that party is entitled to those costs properly taxed in the appellate court under Rule 39(c) and may also seek costs taxed in the district court under Rule 39(e).

We are not persuaded otherwise by OSI's reliance on the Eleventh Circuit's decision in *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328 (11th Cir. 1997). In that case, the appellate court awarded to the plaintiff "costs on appeal to be taxed by the Clerk of this court." *Id.* at 1340. Since costs under Rule 39(e) are to be taxed in the *district*, not appellate court, the order, as construed by the Eleventh Circuit, explicitly excluded such costs. In this regard, *Golden Door* is distinguishable from the

11

instant case. Here, this Court granted L-3's motion for costs without reservation after L-3 had indicated it would seek Rule 39(e) costs in the district court. To the extent *Golden Door* implies that an appellate court acting pursuant to Rule 39(a)(4) must specify which particular Rule 39(e) costs are to be taxed before a district court may entertain an application for those costs, moreover, we disagree with that court's reasoning.

The Eighth Circuit's decision in *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805 (8th Cir. 2007), another case on which OSI substantially relies, is similarly distinguishable. There, the court determined that, since no appellate order regarding costs was ever entered, neither party was entitled to costs under Rule 39(a)(4). *Id.* at 808-09. OSI points to language in *Reeder-Simco* stating that, under Rule 39(a)(4), "the appellate court must specify whether one party or the other, or both, are entitled to costs, *and if so, what costs.*" *Id.* at 808 (emphasis added). However, given that no order regarding costs had ever been entered in *Reeder-Simco*, this pronouncement on Rule 39(e)(4) is *dictum*, and is neither persuasive nor binding on this Court.

OSI argues, in addition, that a revision to the Federal Rules of Appellate Procedure in 1998 should inform our decision in this case. Before 1998, Rule 39(e) provided that certain costs on appeal "*shall be taxed* in the district court as costs of the appeal in favor of the party entitled to costs under this rule." Fed.

12

R. App. P. 39(e) (1998). In 1998, the Rule was amended to state that these costs "*are taxable* in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). We find dubious OSI's argument that, contrary to the Committee Notes to Rule 39, this amendment constituted a substantive change to Rule 39. *See* 16A Charles A. Wright, *et al.*, Federal Practice & Procedure § 3946.1 (4th ed. 2008) (noting generally that "the [1998] style amendments were not intended to make substantive changes"). We need not address the issue, however, for even if OSI is correct that this amendment alters the scope of a district court's discretion in taxing Rule 39(e) costs, it in no way addresses the antecedent question whether this Court may generally determine that costs, including Rule 39(e) costs, should be taxed against a party pursuant to Rule 39(a)(4), or must specifically reference Rule 39(e) and delineate those items of Rule 39(e) costs to be taxed before a district court may tax them. Accordingly, the amendment is not relevant to our decision here.

This Court has held that "[a]s a rule, a district court has broad discretion in awarding costs, . . . and an award of costs may be set aside only for abuse of discretion." *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir. 1986) (internal citation omitted). This includes costs taxable in the district court under Rule 39(e). *See id.*; *see also Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 448 (7th Cir. 2007) (citing *Guse v. J. C. Penney Co.*, 570 F.2d 679,

681 (7th Cir. 1978)); *Campbell v. Rainbow City, Ala.*, 209 F. App'x 873, 875 (11th Cir. 2006); *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 362 F.2d 799, 800 (2d Cir. 1966). Here, this Court reviewed extensive briefing on the issue of costs on appeal, and L-3's brief specifically informed OSI and this Court that, upon this Court's order, it would move in the district court for costs taxable under Rule 39(e). After this Court granted L-3's motion, L-3 did precisely what it said it would. Apart from its argument that the district court was without authority to tax costs pursuant to Rule 39(e) absent a specific authorization from this Court referencing Rule 39(e), OSI identifies no abuse of discretion in the district court's award of costs in this case. We conclude that the district court did not abuse its discretion in taxing to OSI the costs requested.

OSI argues, finally, that because the Court's mandate did not "direct or order the district court to tax costs under Rule 39(e) against OSI," the taxation of these costs was inappropriate. OSI points to Federal Rule of Appellate Procedure 41(a), which states that "[u]nless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs," Fed. R. App. P. 41(a), and argues that because this Court's only direction on costs in the September 11, 2008, mandate was the order concerning the $2,724.08 in costs taxable in the Court of Appeals, this Court must have intended to deny to L-3

14

those costs taxable in the district court. Suffice it to say that OSI's argument requires us to ignore this Court's August 8, 2008, order granting L-3's motion for costs without reservation. Nothing in the text of either Rule 39 or Rule 41 requires that, in the context of a general award of costs pursuant to Rule 39(a)(4), this Court must specifically delineate in the mandate those Rule 39(e) costs that may be sought from the district court.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court.