# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50701

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2020

Lyle W. Cayce
Clerk

CITY OF SAN ANTONIO, TEXAS, On Behalf Of Itself And All Other Similarly Situated Texas Municipalities,

Plaintiff - Appellant

v.

HOTELS.COM, L.P.; HOTWIRE, INCORPORATED; TRIP NETWORK, INCORPORATED, doing business as Cheaptickets.com; EXPEDIA, INCORPORATED; INTERNETWORK PUBLISHING CORPORATION, doing business as Lodging.Com; ORBITZ, L.L.C.; PRICELINE.COM, INCORPORATED; SITE59.COM, L.L.C.; TRAVELOCITY.COM, L.P.; TRAVELWEB, L.L.C.; TRAVELNOW.COM, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before SOUTHWICK, COSTA, and DUNCAN, Circuit Judges.

STUART KYLE DUNCAN, Circuit Judge:

The Federal Rules of Appellate Procedure provide a framework for allocating appellate litigation costs between parties. For example, if the judgment below is reversed, the costs of printing appellate briefs are, by default, "taxed" against the appellees. FED. R. APP. P. 39(a)–(c). The rules also provide that certain other appeal costs, including premiums paid for bonds used to stay a money judgment and secure the right to appeal, are taxable in

No. 19-50701

the district court. FED R. APP. P. 39(e). In this case, the district court concluded that it was obligated under these rules to tax in excess of $2 million in appeal bond costs against the City of San Antonio. We affirm.

I.

This appeal represents the latest installment in a long-running legal dispute pitting a class of 173 Texas municipalities against various online travel companies (OTCs) such as Hotels.com, Hotwire, Orbitz, and Travelocity. The dispute began in 2006 when the City of San Antonio filed a putative class action lawsuit alleging the service fees charged by OTCs for facilitating hotel reservations are part of the "cost of occupancy," and, therefore, subject to the municipalities' hotel tax ordinances. The municipalities sought money damages for unpaid and underpaid hotel occupancy taxes, as well as a declaratory judgment that OTCs must collect and remit hotel occupancy taxes based on the amount collected for the room rate and service fee combined, i.e., the "retail rate."

In 2011, after a jury determined OTCs "control" hotels under the municipalities' ordinances, the district court held that, as a matter of law, the retail rate was subject to the hotel occupancy tax, not merely the discounted room rate negotiated by the OTCs. Shortly thereafter, a Texas state court of appeals handling similar litigation involving the City of Houston (which had opted out of the class in the federal proceeding) reached the opposite conclusion. The state court held that the hotel occupancy tax only applies to the discounted room rate paid by the OTC to the hotels. *City of Houston v. Hotels.com, L.P.*, 357 S.W.3d 706, 708 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The OTCs subsequently moved the district court to amend its findings and conclusions in light of the Texas court's decision. The district court denied the motion and instead entered a final judgment awarding the municipalities $55,146,489 in unpaid taxes, interest, and penalties.

No. 19-50701

The OTCs immediately sought approval for $68,673,780 in appeal bonds, a figure calculated to cover the judgment along with up to 18 months' worth of interest and penalties. The district court approved the bond amounts, and, pursuant to Rule 62 of the Federal Rules of Civil Procedure, stayed the judgment until after all post-judgment motions and appeals had been resolved. The OTCs promptly filed their appeal bonds. Shortly thereafter, in early May 2013, the OTCs filed a renewed motion for judgment as a matter of law, or, alternatively, a new trial. In November 2014, after the district court failed to decide the OTCs' post-judgment motion within 18 months, the OTCs increased their appeal bond amounts. Another year passed with no decision from the district court, so the bonds were increased yet again.

Finally, in January 2016, the district court denied the OTCs' various post-judgment motions. That April, the court entered an amended judgment of $84,123,089 reflecting increased penalties as well as taxes and interest that had accrued since the first judgment. The parties cross-appealed to this court.

In November 2017, we ruled in favor of the OTCs, reasoning that the state court's decision was "on point" and its "interpretation control[ling]," therefore "the hotel occupancy tax applies only to the discounted room rate paid by the OTC to the hotel." *City of San Antonio v. Hotels.com*, 876 F.3d 717, 724 (5th Cir. 2017) (cleaned up). We "vacated" the district court's judgment and "rendered" judgment for the OTCs. *Id.*

Pursuant to Federal Rule of Appellate Procedure 39(d), the OTCs timely filed a bill of costs in this court seeking copying costs in the amount of $905.60, nothing more. San Antonio did not object to these costs. We subsequently denied San Antonio's requests for panel and en banc rehearing, issuing our mandate on February 14, 2018. The mandate ordered that "plaintiff-appellee cross-appellant [i.e., San Antonio] pay to defendants-appellants cross-

3

No. 19-50701

appellees [i.e., the OTCs] the costs on appeal to be taxed by the Clerk of this Court."

Back in the district court, the OTCs moved for "an order entering Final Judgment in favor of the OTCs, releasing all supersedeas bonds, and awarding costs to the OTCs as the prevailing parties." The OTCs' proposed order stated that "costs shall be taxed against the Cities in favor of the OTCs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and Fed. R. App. P. 39." San Antonio responded that it had "no objection as to the form of the Proposed Judgment." Accordingly, the district court entered the OTCs' proposed order without alteration.

Following entry of final judgment, the OTCs filed a bill of costs in the district court seeking $2,353,294.58. In addition to the $905.60 sought in our court and various other court fees and copying costs, the bill of costs included $2,008,359.00 for "post-judgment interest" and "premiums paid for the supersedeas bonds required to secure a stay of execution and preserve rights pending appeal (FED. R. APP. P. 39(e)(3))."

San Antonio objected, urging the district court to refuse to tax, or at least substantially reduce, the appeal bond premiums sought by the OTCs. The district court noted that San Antonio made "some persuasive arguments" but, relying on *In re Sioux Ltd., Sec. Litig.*, No. 87-6167, 1991 WL 182578 (5th Cir. Mar. 4, 1991), the court concluded that it lacked discretion to reduce taxation of the bond premiums. Accordingly, the district court entered a bill of costs taxing $2,226,724.37 against San Antonio.[1] The City timely appealed.

---

[1] This figure is slightly reduced from the amount originally billed by the OTCs for reasons not relevant to this appeal.

4

No. 19-50701

## II.

Although we have not previously articulated the standard of review applicable to a district court's interpretation of the Federal Rules of Appellate Procedure, we review other matters of statutory interpretation *de novo*, including a district court's interpretation of the Federal Rules of Civil Procedure. *See Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003). Therefore, *de novo* review is appropriate here. *Cf. L-3 Communications Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 27 (2d Cir. 2010) (reviewing interpretation of Federal Rules of Appellate Procedure *de novo*); *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007) (same); *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1340 (11th Cir. 1997) (same).

## III.

## A.

Under Rule 39 of the Federal Rules of Appellate Procedure, some appellate costs are taxed in the court of appeals, while others are "made taxable in the district court for general convenience." *Sioux*, 1991 WL 182578, at *1 (quoting FED. R. APP. P. 39, Advisory Committee Notes). In general, Rule 39 "dictates that the disposition of the appeal is the deciding factor in the assessment of appellate costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). To that end, Rule 39(a) provides default taxation rules for four categories of cases as follows:

> **Against Whom Assessed**. The following rules apply unless the law provides or the court orders otherwise:
>
> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> (2) if a judgment is affirmed, costs are taxed against the appellant;

No. 19-50701

> (3) if a judgment is reversed, costs are taxed against the appellee;
>
> (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

FED. R. APP. P. 39(a).

A threshold question that divides the parties is whether this case is properly viewed under Rule 39(a)(3) or 39(a)(4). San Antonio argues that Rule 39(a)(4) applies because this court, by the terms of its mandate in the first appeal, "vacated" the district court's judgment. The OTCs maintain that Rule 39(a)(3) applies because this court "set aside the entire judgment against the OTCs and rendered judgment for the OTCs . . . a reversal under any standard."

We agree with the OTCs that this is a Rule 39(a)(3) case. Parts (1)–(3) of Rule 39(a) apply when there is a clear prevailing party on appeal, regardless of the exact decretal language used by the court of appeals, whereas part (4) applies when there is no clear winner or the results are mixed. *See Chem. Mfrs. Ass'n v. EPA*, 885 F.2d 1276, 1278 (5th Cir. 1989) ("[A]lthough the structure of Rule 39(a) suggests that the allocation of costs ordinarily follows the ruling on the merits, when the results on appeal are mixed, then costs should be allowed only as ordered by the court." (internal quotation marks and citation omitted)); *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1081 (9th Cir. 2009) (applying 39(a)(4) where "neither side is the clear winner"); *L-3 Communications*, 607 F.3d at 28 (explaining 39(a)(4) applies where "the disposition on appeal will not lend itself to a ready determination of which party, if any, should bear costs on appeal"); 16AA Wright & Miller, Fed. Prac. & Proc. Juris. § 3985 (4th ed.) ("The prevailing party, except where no party completely prevails, thus becomes entitled to an award of costs as a matter of course, whether or not the opinion or judgment of the court of appeals so states."). Here, the OTCs utterly prevailed in their first appeal. There was nothing left for the district court to do other than enter final judgment in the OTCs' favor and address costs.

Because the OTCs were the clear prevailing party in the first appeal, not to mention the entire case, Rule 39(a)(3) applies.

The fact that the decretal language in the first appeal used the word "vacated" instead of "reversed" does not change this result. Indeed, "there is a difference of opinion among judges as to the circumstances in which 'vacated' or 'reversed' should be used in decretal language." Jon O. Newman, *Decretal Language: Last Words of an Appellate Opinion*, 70 BROOK. L. REV. 727, 728 (2005). While an argument can be made that "reversed" might have been the better choice for the decretal language in the first appeal, *see id.* at 728–29, what matters for purposes of Rule 39(a) is the *substance* of the disposition, not merely the form. *See, e.g.*, *Saunders v. Washington Metro. Area Transit Auth.*, 505 F.2d 331, 333 (D.C. Cir. 1974) ("Our disposition of appellants' appeals, though in form a remand for further proceedings, was a reversal in every sense of the word."). In substance, our mandate in the first appeal—which rendered judgment for the OTCs—was nothing less than a reversal.

### B.

Where applicable, Rule 39(a)(3) provides that, by default, appeal "costs are taxed against the appellee." FED. R. APP. P. 39(a)(3). This includes the enumerated appeal costs—such as appeal bond premiums—taxable in the district court under Rule 39(e), which reads:

> **Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

FED. R. APP. P. 39(e). An exception to the default rule exists where the appellate court "orders otherwise." FED. R. APP. P. 39(a). *See Moore v. Cty. of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) (holding Rule 39 gives appellate courts discretion to deny award of appeal costs even where properly taxable and collecting cases); *Saunders*, 505 F.2d at 334 ("Absent a contrary direction by this [appellate] court, appellants were entitled . . . to their costs as a matter of course."). Seizing on this exception in Rule 39, San Antonio contends that even if 39(a)(3) controls, our mandate in the first appeal "displaced" the default rule by limiting appellate costs to those "taxed by the Clerk of this Court." Based largely on the fact that the OTCs "never asked" our court for Rule 39(e) costs, the City construes the mandate language as limiting appellate costs to the docketing and printing costs taxable in this court.

San Antonio's argument is unavailing. Nothing in our mandate in the first appeal purports to preclude or otherwise limit an award of taxable Rule 39(e) appeal costs in the district court. Furthermore, the OTCs' failure to request Rule 39(e) appeal costs in *this* court is of no moment. The proper place to seek Rule 39(e) appeal costs is in the district court, where those costs are taxable "for general convenience." FED. R. APP. P. 39, Advisory Committee Notes. *See, e.g.*, *LULAC v. City of Boerne*, No. SA-96-CV-808-XR, 2013 WL 12231416, at *26 (W.D. Tex. Feb. 20, 2013) (instructing prevailing appellant to include supersedeas bond premiums and other Rule 39(e) appeal costs on district court bill of costs).

Because we did not "order otherwise," the default rule under 39(a)(3) controls. Accordingly, the district court was empowered to grant the OTCs' request for appeal bond costs.

## C.

San Antonio asserts that even if the district court was authorized to grant the OTCs' request for Rule 39(e) appeal costs, the award should

nevertheless be vacated because the district court applied the wrong legal standard, thinking it lacked discretion to deny or reduce the award when in reality it could have done so. As San Antonio points out, most other circuits to have considered this issue have held—or at least implied—that a district court retains discretion to deny or reduce a Rule 39(e) award, regardless of whether the district court's authority to grant the award arises from one of the default rules in 39(a)(1)–(3) or from an appellate court's mandate in a 39(a)(4) case. *See, e.g.*, *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 449 (7th Cir. 2007) (citing *Guse v. J. C. Penney Co.*, 570 F.2d 679, 681 (7th Cir. 1978)); *Campbell v. Rainbow City, Alabama*, 209 F. App'x 873, 875 (11th Cir. 2006) (unpublished); *In re Bonds Distrib. Co.*, 73 F. App'x 605, 607 (4th Cir. 2003) (unpublished).[2] The problem for San Antonio, however, is that our circuit

---

[2] To be sure, San Antonio overstates the out-of-circuit support for its position. Some of San Antonio's cases are distinguishable because the appeal costs at issue were above and beyond those enumerated in Rule 39(e). *See, e.g.*, *Dana Corp. v. IPC Ltd. P'ship*, No. 90-1443, 1991 WL 5890, at *3 (Fed. Cir. Jan. 25, 1991) (considering district court's discretion to award costs paid for letter of credit); *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989) (same); *Bose Corp. v. Consumers Union of U.S., Inc.*, 806 F.2d 304, 305 (1st Cir. 1986) (per curiam) (same); *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 167 (2d Cir. 1986) (considering district court's discretion to award interest costs on funds borrowed to secure appeal bond). Others only address a district court's discretion to *grant* Rule 39(e) costs in the absence of, or in contravention of, a specific instruction from the appellate court. *See, e.g.*, *L-3 Communications*, 607 F.3d at 30 (holding district court had "authority to tax costs pursuant to Rule 39(e) absent a specific authorization from this Court" and dismissing as "dubious" the argument that amendments to Rule 39 "alter[ed] the scope of a district court's discretion in taxing Rule 39(e) costs"); *Standard Concrete Prod. Inc. v. Gen. Truck Drivers Union Local 952*, 175 F. App'x 932, 933 (9th Cir. 2006) (unpublished) (holding that a district court "does not have discretion to award fees in contravention of this court's order as to which party should bear appellate costs"). Finally, some of San Antonio's cases are not on point because they turn on the appellate court's manifest intention to leave the taxation decision to the discretion of the district court in Rule 39(a)(4) situations where the appeal resulted in a remand for further proceedings such that it remained unclear which party would ultimately prevail on the merits. *See, e.g.*, *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 628–29 (8th Cir. 2003); *Berthelsen v. Kane*, 907 F.2d 617, 622–23 (6th Cir. 1990).

No. 19-50701

adopted the contrary position almost three decades ago in *Sioux*, which remains binding precedent.[3]

In *Sioux*, we considered a prior appeal that vacated the district court's judgment and remanded for retrial. 1991 WL 182578, at *1; *cf. Sioux, Ltd., Sec. Litig. v. Coopers & Lybrand*, 914 F.2d 61, 66 (5th Cir. 1990) (first appeal). Applying Rule 39(a)(4), we treated the mandate, which awarded appellants "the costs on appeal to be taxed by the Clerk of this Court," as a determination that appellants were "the 'party entitled to costs' in this case." *Id.* at *1 (quoting FED. R. APP. P. 39(e)). Further, we recognized that the appellate mandate did not "limit costs on appeal taxable in the district court." *Id.* Reasoning that "[a]bsent some limiting provision in the mandate from the court of appeals, the party entitled to costs in the court of appeals is entitled to costs in the district court under Rule 39(e)," we held that appellants were entitled to such costs. *Id.* Indeed, we went even further. Noting that "Rule 39(e) is mandatory," we held "[t]he district court ha[d] no discretion whether, when, to what extent, or to which party to award costs of the appeal" and therefore erred by denying appellant's application for appeal bond premiums under Rule 39(e). *Id.*

San Antonio argues *Sioux* is no longer good law because it specifically relied on language from an old version of Rule 39(e), which was amended in 1998. The old version stated appellate costs "*shall be taxed* in the district court" whereas the current version states appellate costs "*are taxable* in the district court."[4] FED. R. APP. P. 39(e) (emphases added). According to San Antonio, the

---

[3] "The fact that [*Sioux*] is unpublished does not alter its precedential status, because it was decided before January 1, 1996." *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 (5th Cir. 2002) (citing 5TH CIR. R. 47.5.3).

[4] The pre-amendment version of Rule 39(e) stated, in full:

> Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice

10

"permissive language" of the 1998 amendment "clarifies that the phrase 'shall be taxed in the district court' was meant only to identify in which court the listed costs *could be taxed*, not to convey that those costs *must be taxed* to a party entitled to any appellate costs." Importantly, though, San Antonio concedes that the 1998 amendment was not substantive in nature.[5] The City's view is that the Advisory Committee "simply made clearer what it had always intended: that district courts have discretion whether and in what amount to award Rule 39(e) costs."

San Antonio's argument misses the mark. As San Antonio concedes, the 1998 amendment worked no substantive change to Rule 39(e). This means that, at most, *Sioux*'s treatment of Rule 39(e) was just as wrong *before* the amendment as it was *after*. But even assuming *arguendo* that *Sioux* was wrong from the start as a matter of interpretation, its treatment of Rule 39 nevertheless remains controlling law. "As a general rule, one panel may not overrule the decision of a prior panel, right or wrong, in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court." *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998); *see also Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("[E]ven if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void.").

---

of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

[5] The 1998 Advisory Committee Note to Rule 39 reads:

The language and organization of the rule are amended to make the rule more easily understood. In addition to changes made to improve the understanding, the Advisory Committee has changed language to make style and terminology consistent throughout the appellate rules. These changes are intended to be stylistic only.

No. 19-50701

We express no view on the merits of *Sioux*'s interpretation of Rule 39(e). We hold only that, because no substantive change in the law has occurred, *Sioux* remains binding precedent. Therefore, the district court correctly recognized that it lacked discretion to deny or reduce the appeal bond costs to which the OTCs were entitled under Rule 39.

* * *

For the foregoing reasons, the order of the district court is AFFIRMED.